Karen J. NORDELL, Appellant,

v.

Margaret M. HECKLER, Secretary of
Health & Human Services.

No. 83–2175.

United States Court of Appeals,
District of Columbia Circuit.

Argued Oct. 3, 1984.
Decided Dec. 4, 1984.

Douglas B. Huron, Washington, D.C.,
with whom Christine L. Owens, Wash-
ington, D.C., was on the brief, for appel-
lant.

R. Craig Lawrence, Asst. U.S. Atty.,
Washington, D.C., with whom Joseph E.
diGenova, U.S. Atty., Royce C. Lamberth
and Patricia J. Kenney, Asst. U.S. Attys.,
Washington, D.C., were on the brief, for
appellees.

Before MIKVA and BORK, Circuit
Judges, and HAROLD H. GREENE, Dis-
trict Judge, of the United States District
Court for the District of Columbia.*

Opinion for the Court filed by Circuit
Judge MIKVA.

* Sitting by designation pursuant to 28 U.S.C. § 292(a).

MIKVA, Circuit Judge:

This case concerns the filing deadline for Title VII suits brought against the government. By statute, such suits must be filed "[w]ithin thirty days of receipt of notice of final action taken by [the employing agency] or by the Equal Employment Opportunity Commission." 42 U.S.C. § 2000e–16(c) (1982). Karen Nordell filed her suit against the Secretary of Health and Human Services more than eight months after the EEOC rejected several of her claims, but within thirty days following the EEOC's denial of her request for reconsideration, which in turn was filed within thirty days of the Commission's initial decision. The district court dismissed Nordell's suit as untimely. We reverse.

I.

■ Whether Nordell's suit was timely depends on whether her request for reconsideration rendered the EEOC's initial decision no longer "final" for purposes of the statutory filing deadline. The statute itself gives little guidance; "final action" is left entirely undefined. We think Congress intended to honor the internal rules established by individual administrative agencies regarding when their decisions become final. Each agency may decide for itself whether its actions are subject to reconsideration, and, if so, whether and under what conditions a request for reconsideration revokes the finality of the initial action and so extends the deadline for filing a Title VII action.

Although the EEOC expressly provides for discretionary reconsideration of its decisions, the Commission's regulations do not address the effect a request for reconsideration has on the finality of the initial decision. See 29 C.F.R. § 1613.235 (1984). Nor did the EEOC's communications to Nordell express a clear administrative choice regarding whether petitioning for reconsideration extends the time for filing a civil action. The Commission's initial decision did contain the following notice:

Pursuant to 29 C.F.R. § 1613.282, the appellant is hereby notified that this deci-

sion is final and that he/she has the right to file a civil action on the Title VII Claim in the appropriate U.S. District Court within thirty (30) days of the date of receipt of this decision.

But the decision also informed Nordell of her right to request reopening before the EEOC and gave no indication what effect such a request would have on the thirty-day deadline. Moreover, when the Commission denied Nordell's request to reopen her case, it notified her that "[t]he appellant may have a right to file a civil action in the appropriate United States District Court within 30 calendar days from receipt of the decision on the request to reopen and reconsider." The cover letters to the initial decision and the denial of the request to reopen identified both actions as "the final decision of the Equal Employment Opportunity Commission."

■ Deference is due the authoritative interpretation an agency gives to its own regulations or to the statute it administers. See, e.g., Udall v. Tallman, 380 U.S. 1, 16–18, 85 S.Ct. 792, 801–802, 13 L.Ed.2d 616 (1965). To carry much weight, however, the interpretation must be publicly articulated some time prior to the agency's embroilment in litigation over the disputed provision. Given the ambiguity of the administrative pronouncements discussed in the preceding paragraph, we think the most sensible view is that a request for reconsideration of an EEOC opinion, if filed within the time for bringing suit under Title VII, renders the initial decision no longer "final action" and hence extends the deadline for filing a civil action until thirty days following final disposition of the request. This view is consistent with "the general notion that an administrative order is not 'final,' *for the purposes of judicial review,* until outstanding petitions for reconsideration have been disposed of." *Civil Aeronautics Board v. Delta Air Lines, Inc.,* 367 U.S. 316, 326, 81 S.Ct. 1611, 1619, 6 L.Ed.2d 869 (1961) (emphasis in original); *see also, e.g.,* 5 C.F.R. § 1201.113 (1984) (request for reconsideration revokes finality of initial decision by Merit Systems Pro-

tection Board, extending time for seeking judicial review). The rules governing review of federal court decisions operate similarly: a timely request for judicial reconsideration automatically extends the time for filing a notice of appeal or a petition for writ of certiorari. *See* Fed.R.App.P. 4(a)(4) (appeal from district court judgment); *United States v. Dieter,* 429 U.S. 6, 8, 97 S.Ct. 18, 19, 50 L.Ed.2d 8 (1976) (Supreme Court review).

We have two additional reasons to follow this general approach when construing the statutory deadline for filing Title VII actions.

First, our view of what constitutes "final action" by the EEOC will promote judicial economy by encouraging employees to exhaust their administrative remedies before filing suit. Without such an approach, employees may well abandon the reconsideration route altogether. If an employee waits with court action until after the EEOC's decision on reconsideration, the action will be held untimely if thirty days have elapsed since the original decision. Similarly, if the employee requests reconsideration and simultaneously files suit, he or she runs the risk that the action will be dismissed for failure to exhaust administrative remedies. Thus, the only safe course for aggrieved employees is to file suit in court without ever bothering to seek reconsideration, with the result that the EEOC will be deprived of the opportunity to reexamine its decisions and courts will have to consider lawsuits some of which, at least, might have been adjusted administratively.

Second, the approach we have outlined accords with our recognition

> that, because Title VII is remedial legislation dependent for its enforcement on laymen, we must seek in every case "an interpretation animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination," and resultantly that resort to technicalities to foreclose recourse to administrative or judicial processes is "particularly inappropriate."

*Bethel v. Jefferson,* 589 F.2d 631, 642 (D.C. Cir.1978) (footnotes omitted).

## II

In dismissing Nordell's complaint, the district court relied on our decision in *Hofer v. Campbell,* 581 F.2d 975 (D.C.Cir. 1978), *cert. denied,* 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1980), and the Fourth Circuit's decision in *Birch v. Lehman,* 677 F.2d 1006 (4th Cir.1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983). We think that *Hofer* is not controlling and that *Birch* is wrong.

We held in *Hofer* that the district court lacked subject matter jurisdiction over a Title VII suit brought within thirty days of the EEOC's refusal to reconsider, but the request for reconsideration in that case had been filed more than *nine months* after the Commission's initial decision. We noted that to deem such a suit timely "would in effect deny finality to any decision of the Commission," because an employee could revive his or her claim at any time by requesting the EEOC to reopen the case. 581 F.2d at 978 (quoting *Chickillo v. Commanding Officer, Naval Air Engineering Center,* 406 F.Supp. 807, 809 (E.D.Pa.1976), *aff'd mem.,* 547 F.2d 1159 (3d Cir.1977)).

We think the concerns underlying *Hofer* can best be reconciled with the broad remedial design of Title VII by allowing a request for reconsideration to extend the statutory deadline, but only if the request is filed in a timely manner. Since the EEOC has not limited the time for employees to seek reopening, we think it most sensible to deem such requests timely for these purposes if they are filed within the thirty days allowed by statute for filing a civil action. *Cf., e.g., United States v. Healy,* 376 U.S. 75, 77–80, 84 S.Ct. 553, 555–556, 11 L.Ed.2d 527 (1964) (absent rule specifying different time limit for requesting reconsideration, petition for reconsideration filed within period for Supreme Court review extends time for seeking such review); *accord, Browder v. Director, Department of Corrections,* 434 U.S. 257, 268, 98 S.Ct. 556, 562, 54 L.Ed.2d 521 (1978). The rea-

**50**

sonableness of the thirty-day limit is confirmed by EEOC regulations requiring agencies (but not employees) to file any requests for reopening within that time. *See* 29 C.F.R. § 1613.235(b) (1984).

Consequently, we decline to follow *Birch* and *Mahroom v. Defense Language Institute,* 732 F.2d 1439 (9th Cir.1984), both of which held that a request for EEOC reconsideration, even if filed within the thirty-day period for bringing suit, does not extend the statutory deadline. The Fourth Circuit and the Ninth Circuit both concluded that a contrary holding would rob Commission decisions of all finality; neither court discussed the solution we adopt today.

### III

Given our reading of the statute, it matters not whether the filing deadline is "jurisdictional" in the sense that equitable tolling is disallowed. *Compare Hofer v. Campbell,* 581 F.2d at 977, with *Bethel v. Jefferson,* 589 F.2d at 641 n. 64; *Martinez v. Orr,* 738 F.2d 1107 (10th Cir.1984). There is no need for equitable tolling where, as here, the civil action was filed within the statutory thirty-day period following notification of what we deem the EEOC's "final action."

We reiterate that the Commission is free to establish a time limit other than thirty days for filing a request for reconsideration, or to specify by rule that such a request will not extend the deadline for bringing a civil action. (In the latter case, district courts may wish to stay proceedings in any Title VII suit brought while a request for reconsideration is pending before the EEOC. Simultaneous administrative and judicial review would be wasteful, and dismissing such suits outright would have the undesirable effect of forcing employees who wish to bring civil actions to forego their opportunity to seek agency reconsideration.) Absent explicit administrative action of this sort, however, we think it most sensible and most consistent with traditional principles of appellate procedure not to view an EEOC decision as "final action" for purposes of the filing deadline for Title VII suits if a request for reconsideration is filed within the time for bringing a civil action.

We note that some of the claims raised in Nordell's complaint had not been considered by the EEOC and were arguably within the district court's jurisdiction because they had been pending before Nordell's agency for more than 180 days. *See* 42 U.S.C. § 2000e–16(c) (1982). Nordell contends that the district court erred in failing to treat these claims separately, but she neglected to press this argument below. Our resolution of the case obviously renders her neglect inconsequential.

We vacate the September 6, 1983, order of the district court and remand this case for further consideration of all of Nordell's claims.

*It is so ordered.*