759 F.2d 535
 37 Fair Empl.Prac.Cas. 869,
36 Empl. Prac. Dec. P 35,172, 53 USLW 2540
 Louise F. DONALDSON (83-5743), Teresa Middlebrook (83-5801),
Plaintiffs- Appellants,
v.
TENNESSEE VALLEY AUTHORITY and the Board of Directors of the
Tennessee Valley Authority, Defendants-Appellees.
 Nos. 83-5743, 83-5801.
 United States Court of Appeals,
Sixth Circuit.
 Argued Oct. 23, 1984.
Decided April 11, 1985.
 
 Philip L. Duval, Chattanooga, Tenn., Dorothy Stulberg (argued), Oakridge, Tenn., for plaintiff-appellant in No. 83-5801.
 Wendell L. Payne (argued), Chattanooga, Tenn., for plaintiff-appellant in No. 83-5743.
 Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Thomas F. Fine (argued), James G. Touhey, Jr., Office of the Gen. Counsel, T.V.A., Knoxville, Tenn., for defendant-appellee in No. 83-5801.
 Herbert S. Sanger, Jr., Gen. Counsel, Justin M. Schwamm, Sr., Asst. Gen. Counsel, Thomas F. Fine (argued), T.V.A., Knoxville, Tenn., for defendant-appellee in No. 83-5743.
 Before JONES and CONTIE, Circuit Judges, and PECK, Senior Circuit Judge.
 NATHANIEL R. JONES, Circuit Judge.
 
 
 1
 Title VII of the Civil Rights Act of 1964, as amended, provides that a federal employee may file a civil complaint in district court within thirty days of receipt of notice of "final action" by the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. Sec. 2000e-16(c). As a matter of first impression in this Circuit, the present consolidated appeal requires us to determine which of several EEOC final decisions represented "final action" that would determine each appellant's last opportunity to resort to district court. Within thirty days of receipt of notice of the EEOC's initial final decision, each appellant elected to seek reconsideration by the EEOC rather than to file a complaint in district court. Then, each appellant filed her action in district court within thirty days of receipt of notice of the EEOC's final decision denying her motion to reconsider. The district court dismissed each complaint as untimely. We reverse and hold that the EEOC's final decision on each appellant's motion to reconsider was its "final action" for the purposes of 42 U.S.C. Sec. 2000e-16(c).
 
 I.
 
 2
 Louise Donaldson and Teresa Middlebrook each charged their employer agency, the Tennessee Valley Authority (TVA), with sex-based employment discrimination. Middlebrook also alleged racial discrimination and unlawful retaliation. The TVA's Director of Equal Opportunity Compliance (TVA Director) issued a "final decision" in each case, which found that the charges lacked merit. The TVA Director's final decisions informed Donaldson and Middlebrook of their right either to appeal to the EEOC or to file a civil action in district court within specified time periods.
 
 
 3
 Each appellant appealed from the TVA to the EEOC and received the EEOC's initial "final decision". The EEOC affirmed the TVA Director's finding that Donaldson's charges were meritless but reversed the TVA Director by finding that Middlebrook suffered discrimination and reprisal. The EEOC's notice of each final decision informed each appellant of her right to file a civil action. The notices also informed the appellants and the TVA of their right to move for EEOC reconsideration of the decisions. While federal employees may seek reconsideration at any time, federal agencies must move for reconsideration within thirty days of receipt of the EEOC's final decision. Within thirty days of receipt of the EEOC's initial final decision, Donaldson filed a request to have the EEOC reopen her case. A year later, the EEOC denied the request and notified Donaldson that she "may have a right to file a civil action in the appropriate United States District Court within 30 calendar days from receipt of the decision on the request to reopen and reconsider." The parties agree that within thirty days of receiving this decision, Donaldson filed her Title VII complaint in district court.
 
 
 4
 Middlebrook's case took a different turn. The EEOC initially found that the TVA had subjected her to discrimination and reprisal. Within thirty days of receipt of that final decision, Middlebrook moved for the EEOC to reopen her case to reconsider additional remedies. The TVA also filed a timely request to reconsider the finding that it had discriminated against Middlebrook. Fourteen months later, the EEOC denied Middlebrook's motion to reopen, granted the TVA's motion, and vacated its initial final decision. The EEOC's new "final decision" found that the TVA had not discriminated against Middlebrook, and informed her "that she has the right to file a civil action" in district court within thirty days of receipt of the decision. Middlebrook filed this suit within the designated time.
 
 II.
 
 5
 Neither formal nor informal pronouncements by Congress or the EEOC have established when EEOC "final action" occurs. Unfortunately, the statute does not define "final action." See 42 U.S.C. Sec. 2000e-16; Nordell v. Heckler, 749 F.2d 47, 48 (D.C.Cir.1984). The EEOC has promulgated regulations that restate a federal employee's statutory right to file a civil action following "final action" by an agency employer or the EEOC. 29 C.F.R. Sec. 1613.281. These provisions define the prerequisites of final action upon a Title VII complaint by an employer agency, but are silent regarding when the EEOC has taken "final action." Id. The regulations also provide that the EEOC may, in its discretion, "reopen and reconsider any previous decision" but do not establish the relationship between such reconsideration and any previous or subsequent "final action." 29 C.F.R. Sec. 1613.235. Thus, we must look beyond the statute and regulations to determine when the EEOC's "final action" occurs.
 
 
 6
 The notices that Donaldson and Middlebrook received indicate that in practice the EEOC has not resolved the question before us. The EEOC's final decision in each of these cases offered the opportunity to file for reconsideration with the Commission or to file suit in district court. The EEOC's notices did not inform Donaldson or Middlebrook that they would forfeit their last opportunity to resort to district court by seeking reconsideration. Indeed, the EEOC's notice following reconsideration again informed Donaldson that she "may have a right to file civil action," while Middlebrook was notified that the EEOC's reconsideration represented "the final decision in this matter" and that she had "the right to file a civil action." Appellants were offered repeated opportunities to file a civil suit. Donaldson and Middlebrook never received notice, however, that the door to district court would close while they were exhausting the administrative remedies available from the EEOC.
 
 III.
 
 7
 To determine when "final action" has occurred, we weigh the need for finality, the remedial purposes of Title VII, and concern for judicial economy. Expeditious and final resolution of Title VII controversies is a significant goal of Sec. 2000e-16 and the accompanying regulations. Thus, if the EEOC does not act upon a complaint within 180 days, a federal employee may file suit in district court without awaiting an EEOC decision. 29 C.F.R. Sec. 1613.281(d). The regulations also promote this goal by requiring an employer agency to request reopening of an adverse EEOC decision within thirty days of receipt of notice of the decision. 29 C.F.R. Sec. 1613.235(b). By contrast, the complaining employee may seek reconsideration at any time. 29 C.F.R. Sec. 1613.235(a). The EEOC's decision upon an employee's motion for reconsideration will not, without qualification, represent "final action" after which the complainant may sue in district court. A rule to this effect would deny finality to any decision of the EEOC. "[A]n aggrieved claimant could revive at any time his claim, however stale, by the simple expedient of filing ... a request to reopen." Clark v. Goode, 499 F.2d 130, 133 (4th Cir.1974). In Clark, the claimant sought to reopen his claim over nine months after he received a decision in his favor on all but one issue; his subsequent civil action was dismissed as untimely. Clark, 499 F.2d at 132. See also Hofer v. Campbell, 581 F.2d 975, 977-78 (D.C.Cir.1978), cert.denied, 440 U.S. 909, 99 S.Ct. 1218, 59 L.Ed.2d 457 (1979) (claimant who sought reconsideration nine months after decision in his case could not then file suit in district court; following Clark); Chickillo v. Commanding Officer, Naval Air Engineering Center, 406 F.Supp. 807, 809-10 (E.D.Pa.1976), aff'd, 547 F.2d 1159 (3d Cir.1977) (nearly seven months after receiving final decision, claimant simultaneously filed suit in district court and sought administrative reconsideration; the district court followed Clark and dismissed the suit as untimely).
 
 
 8
 Concern for expeditious and final resolution of Title VII claims, however, must be reconciled with consideration of the broad remedial purposes of the statute. " 'Mindful of the remedial and humanitarian underpinnings of Title VII and of the crucial role played by the private litigant in the statutory scheme,' " this Court has been " 'extremely reluctant to allow procedural technicalities to bar claims brought under the Act.' " Ruiz v. Shelby County Sheriff's Department, 725 F.2d 388, 391 (6th Cir.), cert. denied, --- U.S. ----, 105 S.Ct. 428, 83 L.Ed.2d 355 (1984) (quoting Harris v. Walgreen's Distribution Center, 456 F.2d 588, 591 (6th Cir.1972)). See also Odomes v. Nucare, Inc., 653 F.2d 246, 252 (6th Cir.1981).
 
 
 9
 While this Court is solicitous towards Title VII claimants, we are also concerned with conservation and effective use of judicial resources. Title VII evinces a policy of favoring both private accommodation between employee and employer and administrative resolution of employment discrimination disputes. Exhaustion of administrative remedies does not require that a Title VII claimant file a motion for reconsideration with the EEOC and await the EEOC's response before the claimant files suit in district court. EEOC reconsideration is a discretionary remedy that is based upon factual and legal predicates that are not present in every case. See 29 C.F.R. Sec. 1613.235(a). Our decision today, however, should encourage claimants to invoke this remedy in appropriate circumstances before filing suit. See Nordell v. Heckler, 749 F.2d at 49. Concern for judicial economy dictates that we discourage simultaneous judicial and administrative proceedings that may yield conflicting results in a single dispute.
 
 
 10
 We have weighed the need for expeditious and final decisions, the remedial purposes of Title VII, and proper concern for judicial economy. As a result, we hold that when a federal employee files a motion to reopen or to reconsider within thirty days of receipt of an EEOC decision, the EEOC's final decision on that motion is the "final action" on the employee's complaint. Thus, the employee may file suit in district court within thirty days of receipt of notice of this "final action."
 
 
 11
 This rule insures finality. Stale claims such as those in Clark, Chickillo, and Hofer will be barred as untimely. The D.C. Circuit has recognized that Hofer, its own precedent, does not bar a timely suit in district court after receipt of a decision on a motion to reconsider which had been filed within thirty days of the EEOC's initial decision. Nordell v. Heckler, 749 F.2d at 49. We agree with the D.C. Circuit that the Fourth and Ninth Circuits have unduly extended Clark's concern for finality to govern suits such as Donaldson's and Middlebrook's. See id. at 50. Neither Birch v. Lehman, 677 F.2d 1006, 1008 (4th Cir.1982), cert. denied, 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983), nor Mahroom v. Defense Language Institute, 732 F.2d 1439, 1440 (9th Cir.1984), weighed all the concerns we consider today; their holdings were expressly and exclusively founded upon a fear that a claimant could deprive any EEOC decision of finality simply by seeking EEOC reconsideration and subsequently filing suit in district court. As discussed above, our holding satisfies this concern while also responding to other, equally weighty, considerations.
 
 
 12
 Middlebrook's case illustrates the contribution of today's holding to the equity of the statutory scheme. Initially, the EEOC determined that the TVA had both discriminated and retaliated against Middlebrook. Naturally, she did not file suit in district court to challenge the EEOC's decision in her favor. Within thirty days, however, Middlebrook moved for the EEOC to reopen her case for consideration of additional remedies. The TVA also filed a timely motion that asked the EEOC to reverse its finding that the TVA discriminated and retaliated against Middlebrook. The EEOC denied Middlebrook's motion for reconsideration, granted TVA's motion, and reversed the initial final decision. Middlebrook filed suit within thirty days and the district court dismissed her suit as untimely citing Hofer, Clark, and Chickillo.
 
 
 13
 In essence, the district court found that, under the facts of this case, the EEOC's reversal of its initial decision in Middlebrook's favor was not subject to judicial review. The district court would require Title VII claimants who received favorable decisions from the EEOC to file hypothetical lawsuits in district court in anticipation of the possibility that the employer agency might prevail on a motion for reconsideration. Although few claimants would have reason to prosecute such suits to completion, each case would drain the district court's administrative resources during its pendency. Even if this were not so, we would not require such sophistication of Title VII claimants.
 
 
 14
 Middlebrook's case is extreme. Both Middlebrook and Donaldson pursued their claims with alacrity. They deserve their day in court. Upon consideration of all the issues raised in these consolidated appeals, we REVERSE and REMAND for further proceedings consistent with this opinion.