902 F.2d 32
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Willie L. DANIELS, Plaintiff-Appellant,
v.
DEPARTMENT OF THE ARMY, et al., Defendants-Appellees.
 No. 89-1845.
 United States Court of Appeals, Sixth Circuit.
 May 1, 1990.
 
 Before RALPH B. GUY and ALAN E. NORRIS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff, Willie L. Daniels, appeals from the decision of the district court granting summary judgment in favor of the defendants, the Department of the Army (employer), the United States Merit Systems Protection Board (MSPB), and the Secretary of the Army in his official capacity. The district court reviewed the dismissal by the MSPB of the plaintiff's civil service and discrimination claims. Because a federal district court previously had issued a judgment against the plaintiff on his claims, the court held that the MSPB lacked jurisdiction to hear the case. In addition, the court held that the doctrine of res judicata barred further adjudication of the case. On appeal, the plaintiff argues that (1) because the MSPB and the Equal Employment Opportunity Commission (EEOC) did not concur in the plaintiff's case, the MSPB was bound by statute to refer the case to a special panel; (2) the district court may not uphold the MSPB's decision on a basis not relied upon by the MSPB itself; and (3) the MSPB's conclusion that the EEOC decision cannot stand in view of the defense of res judicata triggers rather than excuses the requirement that the case be certified to the special panel. Finding that the MSPB and the EEOC lacked jurisdiction over the plaintiff's case, we affirm the dismissal.
 
 I.
 
 2
 This appeal comes to us after a long and protracted history in various federal courts and administrative agencies, and it requires us to sort out the relative roles of these bodies. The case arose out of a challenge by the plaintiff to his discharge by the United States Army Tank Automotive Command from his position as general foreman, Heavy Mobile Equipment Maintenance.[1] Daniels was discharged on April 29, 1982, for alleged unsatisfactory performance, and he filed an administrative appeal with the MSPB on May 15, 1982, claiming that he was not guilty of the charges and that his discharge was the result of racial discrimination.
 
 
 3
 Because his case combined a claim of discrimination with a challenge to agency action otherwise appealable to the MSPB, his case is called a "mixed case" appeal, and the MSPB has jurisdiction to decide all of the issues involved in his claim. See 5 U.S.C. Sec. 7702(a)(1);[2] 5 C.F.R. Sec. 1201.151 et seq. The MSPB found that the plaintiff's removal for unsatisfactory performance was proper and that the plaintiff failed to establish a prima facie case of discrimination on the basis of race. The MSPB's initial decision was issued by the presiding official on July 29, 1983. According to 5 C.F.R. Sec. 1201.113, the initial decision of the Board would become final after 35 days, unless the plaintiff filed a petition for review by the full Board. In this case, the plaintiff did file a timely petition for review in August 1983, which the MSPB denied on January 31, 1984. This decision became final five days later, and the MSPB informed the plaintiff of his right to appeal this decision to the EEOC or to the appropriate United States District Court.
 
 
 4
 Between the date of the MSPB's initial decision and its final order, the plaintiff filed a Title VII[3] action for discrimination in the United States District Court for the District of Columbia. Daniels' complaint was filed with the court on December 12, 1983. The case was transferred to the Eastern District of Michigan on February 24, 1984, pursuant to an order dated January 30, 1984. After a two-day trial, the district court ruled against the plaintiff on the merits on October 28, 1985. This court ultimately dismissed as untimely an appeal by the plaintiff from the district court ruling.
 
 
 5
 On February 14, 1984, after he had filed the civil action discussed above, the plaintiff sought review of the MSPB decision with the EEOC. The EEOC did not issue a decision until May 26, 1987, at which time the EEOC ruled in the plaintiff's favor. Upon issuance of that decision, the EEOC referred the matter back to the MSPB as required by 5 U.S.C. Sec. 7702(c).[4] The MSPB then dismissed the case on the grounds that Daniels' claims had been adjudicated against him in the civil action, and that therefore the doctrine of res judicata compelled dismissal of the case. The MSPB stated in its decision that Daniels could appeal to the United States Court of Appeals for the Federal Circuit, which the plaintiff did. The Federal Circuit declined jurisdiction because the case involved claims of racial discrimination, but transferred the case to the United States District Court for the Eastern District of Michigan. See Williams v. Department of the Army, 715 F.2d 1485, 1491 (Fed.Cir.1983).
 
 
 6
 The district court granted summary judgment dismissing the case on May 18, 1989. The court held that because the district court had jurisdiction to decide the plaintiff's case in 1985, the administrative agencies no longer had jurisdiction over the case. In addition, the court ruled that the claims before the EEOC and MSPB were the same as those litigated in the 1985 civil action, and that res judicata barred further adjudication of the case. The plaintiff filed this timely appeal.
 
 II.
 
 7
 Daniels argues that the MSPB erred by not following the specific mandate of 5 U.S.C. Sec. 7702(c) and (d)[5] to certify the matter to a special panel immediately in cases of conflicting decisions from the MSPB and the EEOC. According to the plaintiff, neither of the reasons given by the district court justified the evasion by the MSPB of this statutory requirement. It is the plaintiff's contention that the special panel, not the MSPB or the district court, has the duty to decide whether the plaintiff may continue to pursue his claims through administrative channels. We address the plaintiff's objections to the reasoning of the district court in two sections.
 
 A. Election of Remedies
 
 8
 The main premise upon which the district court based its decision was that, by electing to file an action in federal district court, the plaintiff relinquished the right to pursue his claims further through the administrative channels. Because the district court had the power to decide the case, the MSPB and the EEOC lost jurisdiction over the case. Daniels attacks this reasoning on its merits and as a matter of administrative procedure.
 
 
 9
 The plaintiff is correct in pointing out that, with regard to employment discrimination disputes, multiple forums may be available. However, this fact does not lead inevitably to the conclusion that plaintiffs may pursue their claims in any and all forums until they receive a favorable ruling. Doctrines of finality and judicial economy demand a different result.
 
 
 10
 In making his argument that the district court and the agencies could maintain simultaneous jurisdiction over his claims, Daniels relies primarily on two sources. First, he cites Alexander v. Gardner-Denver Co., 415 U.S. 36 (1974), for the proposition that the overlapping remedies against discrimination provide for submission of these claims to several forums, and that submission to one does not preclude submission to another. The Supreme Court was dealing with a very different issue in Alexander than that now before this court, however, and the plaintiff's reliance on the case is misplaced. At issue in Alexander was whether the plaintiff waived his right to pursue a Title VII action in federal court when he submitted the claim to arbitration as provided in the collective-bargaining agreement. The court held that this action did not constitute a waiver, but the court in no way hinted at the situation now before this court. The issue sub judice concerns whether administrative and judicial remedies under Title VII may be pursued simultaneously, not consecutively.
 
 
 11
 Likewise, the plaintiff's reliance on the 1983 version of 29 C.F.R. Sec. 1613.283 is misplaced. At the time Daniels filed his civil action, this section of the regulations read as follows:
 
 
 12
 The filing of a civil action by an employee or applicant does not terminate agency processing of a complaint or Commission processing of an appeal under this subpart.
 
 
 13
 29 C.F.R. Sec. 1613.283 (superseded). According to the plaintiff, this section expressly provides for the simultaneous pursuit of relief through the federal courts and the MSPB.[6] However, the "agency" referred to in this part of the regulations is the federal agency that employed the complainant, not the MSPB. Although the Commission referred to in the regulation is the EEOC, the regulations governing the processing of mixed case appeals before the Merit Systems Protection Board are located in a separate part of the Code of Federal Regulations. See 29 C.F.R., Part 1613, Subpt. D. There is no similar regulation permitting the simultaneous pursuit of civil and administrative remedies in mixed case appeals.
 
 
 14
 The Eleventh Circuit dealt with the relationship between the MSPB and the federal courts in Doyal v. Marsh, 777 F.2d 1526 (11th Cir.1985). While acknowledging that the administrative and judicial procedures created by section 7702 are somewhat interlocking and overlapping, the court stated that, in cases in which the plaintiff alleges discrimination, "he may either immediately file suit in a district court or pursue an administrative procedure." Id. at 1535 (emphasis in original) (footnote omitted). The Eleventh Circuit did not hold that both administrative and judicial remedies could be pursued simultaneously.
 
 
 15
 When Daniels filed his civil action in December 1983, he abandoned his administrative remedies. Therefore, the EEOC had no jurisdiction to entertain the plaintiff's claim when it accepted his petition for review in February 1984. Because it lacked jurisdiction to review the EEOC decision, the MSPB certainly was not bound to refer the plaintiff's case to a special panel.
 
 
 16
 In addition to attacking the merits of the district court's reasoning on the issue of jurisdiction and election of remedies, the plaintiff argues that the district court could not uphold the MSPB dismissal on this basis because the MSPB itself did not rely upon this line of reasoning. Daniels cites Burlington Truck Lines, Inc. v. United States, 371 U.S. 156 (1962), in which the Supreme Court held that a court could uphold the propriety of an administrative agency's exercise of its discretionary expertise only on the same basis upon which the agency exercised its discretion. If the reasons supporting an agency's exercise of its discretionary expertise are not valid, then the court cannot substitute its own discretionary reasoning to support the ultimate result. 371 U.S. at 167-69. However, in this case, the MSPB did not engage in an exercise of discretion; instead, it decided an issue of law: whether the doctrine of res judicata barred reconsideration of the plaintiff's claim. That the MSPB decided the case on this basis does not preclude the district court from making a de novo determination of the legal issues involved in the case. Indeed, whether the MSPB had subject matter jurisdiction over the case is a threshold issue that the court was required to resolve.
 
 B. Res Judicata
 
 17
 The plaintiff also argues that the district court erred in ruling that the 1985 district court judgment barred further adjudication of this case. According to the doctrine of res judicata, " 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.' " Brown v. Felsen, 442 U.S. 127, 131 (1979) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)).
 
 
 18
 Daniels makes two arguments related to the court's disposition of this issue. First, the plaintiff argues that res judicata is an affirmative defense, and that the defendant waived the defense by not raising it properly before the MSPB. In making this objection, the plaintiff misconstrues the basis for the district court's ruling on the res judicata issue. Having properly determined that the MSPB was without jurisdiction to hear the plaintiff's claims, the district court turned to the plaintiff's motion to file an amended complaint. The court denied the motion, ruling that an amended complaint clarifying the issues would not be necessary in light of the fact that res judicata barred any further litigation of the claim. Whether the defendants raised the issue in a timely fashion before the MSPB is irrelevant because the MSPB lacked jurisdiction over the case.
 
 
 19
 In the second prong of his argument, the plaintiff argues that the issue of res judicata was for the special panel, and not the MSPB, to decide. Although the plaintiff is correct in pointing out that neither the statutes nor the regulations excuse the MSPB of its requirement to refer cases to the special panel when the EEOC renders a conflicting decision, it would be improper for the MSPB to refer a case to the special panel when neither the MSPB nor the special panel had jurisdiction to hear the claims.
 
 
 20
 The 1985 district court decision disposed of all of the claims that were involved in the proceedings before the MSPB and the EEOC. Therefore, this decision operates as a bar to future litigation of these claims. As this court stated in Donaldson v. Tennessee Valley Authority, 759 F.2d 535, 538 (6th Cir.1985), "[c]oncern for judicial economy dictates that we discourage simultaneous judicial and administrative proceedings that may yield conflicting results in a single dispute." To order the MSPB to refer this case to the special panel would undermine these notions of economy and finality. If the special panel were to rule against the plaintiff, he would then have the right to appeal the panel's decision to federal district court. 5 U.S.C. Sec. 7702(d)(2)(A). As the district court stated, "[s]uch a result would be ludicrous." (App. 134). The plaintiff has had his day in court on the merits of his wrongful discharge and discrimination claims, and the district court judgment in that case stands as the final word. The plaintiff has had his bite at the apple; he may not continue to forage through the apple barrel until he takes a bite of an apple that does not contain a worm.
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Challenges by federal employees to discharge and related actions by their employing agencies are governed by the Civil Service Reform Act of 1978, 5 U.S.C. Sec. 7701 et seq
 
 
 [2]
 5 U.S.C. Sec. 7702(a)(1) reads as follows:
 (a)(1) Notwithstanding any other provision of law, and except as provided in paragraph (2) of this subsection, in the case of any employee or applicant for employment who--
 (A) has been affected by an action which the employee or applicant may appeal to the Merit Systems Protection Board, and
 (B) alleges that a basis for the action was discrimination prohibited by--
 (i) section 717 of the Civil Rights Act of 1964 (42 U.S.C. 2000e-16),
 (ii) section 6(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(d)),
 (iii) section 501 of the Rehabilitation Act of 1973 (29 U.S.C. 791),
 (iv) sections 12 and 15 of the Age Discrimination in Employment Act of 1967 (29 U.S.C. 631, 633a), or
 (v) any rule, regulation, or policy directive prescribed under any provision of law described in clauses (i) through (iv) of this subparagraph,
 the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures under section 7701 of this title and this section.
 
 
 [3]
 Title VII of the Civil Rights Act of 1964 is codified at 42 U.S.C. Sec. 2000e et seq. Because the plaintiff was a federal employee, his suit was brought under 42 U.S.C. Sec. 2000e-16
 
 
 [4]
 5 U.S.C. Sec. 7702(c) reads as follows:
 (c) Within 30 days after receipt by the Board of the decision of the Commission under subsection (b)(5)(B) of this section, the Board shall consider the decision and--
 (1) concur and adopt in whole the decision of the Commission; or
 (2) to the extent that the Board finds that, as a matter of law, (A) the Commission decision constitutes an incorrect interpretation of any provision of any civil service law, rule, regulation or policy directive, or (B) the Commission decision involving such provision is not supported by the evidence in the record as a whole--
 (i) reaffirm the initial decision of the Board; or
 (ii) reaffirm the initial decision of the Board with such revisions as it determines appropriate.
 If the Board takes the action provided under paragraph (1), the decision of the Board shall be a judicially reviewable action.
 
 
 [5]
 5 U.S.C. Sec. 7702(d) reads in pertinent part as follows:
 (d)(1) If the Board takes any action under subsection (c)(2) of this section, the matter shall be immediately certified to a special panel described in paragraph (6) of this subsection. Upon certification, the Board shall, within 5 days (excluding Saturdays, Sundays, and holidays), transmit to the special panel the administrative record in the proceeding, including--
 (A) the factual record compiled under this section,
 (B) the decisions issued by the Board and the Commission under this section, and
 (C) any transcript of oral arguments made, or legal briefs filed, before the Board or Commission.
 (2)(A) The special panel shall, within 45 days after a matter has been certified to it, review the administrative record transmitted to it and, on the basis of the record, decide the issues in dispute and issue a final decision which shall be a judicially reviewable action....
 
 
 [6]
 This section of the regulations was amended in 1987 to provide that the filing of a civil action would terminate agency processing of the claim. 29 C.F.R. Sec. 1613.283