959 F.2d 239
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Arthur L. CHRISTIE, III, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary of the Navy, Defendant-Appellee.
 No. 91-55307.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 5, 1992.
Decided April 9, 1992.
 
 Before ALARCON, BEEZER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The Navy Electronic Systems Engineering Center at San Diego (Navelex), a federal employer, fired Arthur Christie. Christie considers this the unlawful culmination of "years of discriminatory and conspiratorial conduct" based on his physical handicap and in retaliation for his numerous EEO complaints. After pursuing administrative remedies, he sued, alleging a variety of statutory and constitutional violations. The district court disposed of all of Christie's claims, concluding that they were either time-barred, preempted or meritless. Christie's timely appeal raises eight claims of error. We affirm.
 
 
 3
 * We review de novo the district court's grant of summary judgment. Yartzoff v. Thomas, 809 F.2d 1371, 1373 (9th Cir.1987). We must determine whether, viewing the evidence and the inferences from that evidence in the light most favorable to the nonmoving party, there remains any genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. Id. Contrary to Christie's assertion, the usual summary judgment rules do apply to Title VII actions. Id.
 
 
 4
 * Christie seeks to overturn the district court's grant of summary judgment as to the first claim of his third amended complaint. This claim arose out of Christie's January 1985 performance evaluation. Although the evaluation reflected "satisfactory" performance in all areas, Elray Adkins, Christie's supervisor, added what Christie characterizes as "derogatory comments concerning [his] need to improve his performance by closer check of his work and his need to improve personal contact and relationships with coworkers."
 
 
 5
 According to Christie, Adkins added these comments after Christie had signed off on the review. Perceiving this as part of a campaign to sully his work record and get him fired, Christie filed an EEO complaint. He sought removal of the comments, a comparative and quality assurance study, a lateral transfer and attorney's fees. Adkins maintained that he added the comments before Christie signed the form and that he could supply documentation to support their substance. Navelex officers did not resolve the timing dispute, but did remove the comments. They denied the other requested relief as "disproportionate to the action complained of."
 
 
 6
 Under either a handicap discrimination or a retaliation theory, Christie bears the burden of showing that he suffered an "adverse employment action" in order to make out a prima facie case under Title VII or the Rehabilitation Act. Yartzoff, 809 F.2d at 1375 (Title VII); Sisson v. Helms, 751 F.2d 991, 993-94 (9th Cir.), cert. denied, 474 U.S. 846 (1985) (Rehabilitation Act).
 
 
 7
 Christie does not address this required showing. He argues that the claim should survive because he "was not granted the full relief that he requested." As the district court concluded, he received all the relief to which he was entitled. The comments were removed and had no effect on his employment status. See, e.g., Jordan v. Clark, 847 F.2d 1368, 1377 (9th Cir.1988) (although challenged actions occurred, they did not have an adverse impact on employee), cert. denied, 488 U.S. 1006 (1989); Ferguson v. E.I. duPont de Nemours and Co., 560 F.Supp. 1172, 1201 (D.Del.1983) (because temporary transfer did not cause a degradation in employment status, Title VII plaintiff suffered no adverse employment action from it). There is no triable issue of material fact as to this claim. Christie cannot create one merely by stating that he requested more relief.
 
 B
 
 8
 Christie next contends that the district court erred in granting summary judgment on the second claim of his third amended complaint based on untimely filing in the district court. In his second claim, Christie challenges the termination of his employment that became effective July 12, 1985. He argues that Navelex fired him "because he was required to secure medical treatment for his disabled and handicapped condition." Navelex counters that it fired him because he took excessive absences without official leave.
 
 
 9
 Christie administratively appealed the July 1985 termination and, in doing so, raised the affirmative defense of discrimination on the basis of physical handicap. In addition to reinstatement, back pay and attorney fees, he sought "[o]ther recovery as is permitted by law and equity." Neither party timely submitted supporting evidence to the Merit Systems Protection Board. The board decided that "[t]he agency's charges are not sustained; an affirmative defense has not been established; and the removal action is reversed." The board ordered Christie reinstated, which he was as of May 16, 1986, with back pay.
 
 
 10
 Christie's appealed the board's denial of his discrimination claim to the EEOC. On December 17, 1986, the EEOC sent Christie notice of its decision denying him relief on this claim and also notice of his right to sue in federal court. Pursuant to then-existing regulations, the right-to-sue notice plainly stated that Christie had thirty days to file a complaint in district court. Christie asserts that he filed a request for reconsideration on January 21, 1987, and that the EEOC has not yet acted on that request. We find nothing in the record to support this statement. We do find documentation in the record that Christie filed with the EEOC an appeal postmarked January 23, 1987 and that the EEOC dismissed this appeal as untimely filed.
 
 
 11
 Christie filed his complaint in district court on March 31, 1987, considerably more than thirty days after he received the EEOC's December 17, 1986 letter. The district court dismissed this claim with prejudice as untimely filed. Christie argues that, as a matter of law, the filing of a request for reconsideration within the thirty-day time limit should toll the time for filing in the district court. We disagree.
 
 
 12
 Christie's argument is contrary to Ninth Circuit precedent. In Mahroom v. Defense Language Institute, we held that the filing of a request for reconsideration does not toll the thirty-day time limit. 732 F.2d 1439, 1440-41 (9th Cir.1984). Mahroom's holding is modified by Williams-Scaife v. Department of Defense Dependent Schools, 925 F.2d 346 (9th Cir.1991), but this modification does not change the outcome in Christie's case.
 
 
 13
 In Williams-Scaife, we looked to a December 1990 Supreme Court decision and held that "the district court may toll the statute of limitations requirements of [Title VII] for equitable reasons in appropriate cases." Id. at 346 (citing Irwin v. Veterans Administration, 111 S.Ct. 453 (1990)). We reasoned that Williams-Scaife might present an appropriate case because she timely filed a pro se complaint but neglected to name and serve the proper defendant. The district court judge had "reluctantly dismissed the action" and "stated that he would have tolled the limitations period ... if he had discretion to do so." Id. at 347.
 
 
 14
 Christie does not present an appropriate case for equitable tolling. The December 17, 1986 right-to-sue notice highlights, with capital letters and underlining, the time limit for filing suit in federal court.[1] The EEOC's notice letter does not raise a potential ambiguity by referring to both the right to move for reconsideration and the right to file suit. Such potentially ambiguous notices formed the factual basis for the Sixth Circuit and District of Columbia Circuit decisions upon which Christie relies. See Donaldson v. Tennessee Valley Authority, 759 F.2d 535, 536 (6th Cir.1985); Nordell v. Heckler, 749 F.2d 47, 48 (D.C.Cir.1984). Christie does not present a sound reason to toll the thirty-day time limit in his case. The district court did not err in dismissing this claim as untimely filed.
 
 C
 
 15
 Christie's next contention also centers on tolling. He contends that the district court erred in granting summary judgment on the third claim of the third amended complaint. The court based its decision on the fact that the underlying complaint was not filed with Navelex within thirty days of the action out of which it arose.
 
 
 16
 As summarized by the district court: "The administrative complaint underlying [Christie's] third claim was filed November 10, 1986. NAVEALECS [sic] found none of the 51 issues or bases alleged to constitute discrimination occurred within 30 days prior to November 10, 1986.... [Accordingly,] it is time-barred unless waiver[,] estoppel or equitable tolling operate to extend the time."
 
 
 17
 Christie argues that his filing should be considered timely because a Navelex EEO counsel misinformed him about the filing requirements regarding his primary underlying grievance that "supervisor Adkins made an unlawful intrusion into his medical records." In August, 1985, while Christie was temporarily terminated, he saw in his doctor's file a note asking the doctor to call Adkins. He complained to the EEOC counselor. The counselor told him that he could not file any EEO complaints because he was not an employee. Christie also argues that his filing was timely because the allegedly discriminatory conduct was continuous.
 
 
 18
 The district court reviewed the claims and concluded that none of the dates relevant to his underlying complaint were within thirty days of his EEOC filing. She carefully considered Christie's various arguments for accepting his filing as timely and appropriately concluded that they did not make a case for equitable tolling. As the district court noted, Christie's estoppel argument "would have more punch if he had filed his complaint within 30 days of reinstatement," instead of six months after reinstatement. We hold that the court did not err in granting summary judgment on this claim.
 
 D
 
 19
 Christie next argues that the district court erred in granting summary judgment on the fourth claim. The court agreed with the government that Christie failed to prosecute and exhaust his remedies at the administrative level. The court concluded that since Christie had not cooperated in the administrative investigation and attempts to resolve his grievance, the claim was correctly dismissed.
 
 
 20
 Christie had an obligation to cooperate with EEO counselors and investigators. Jordan v. United States, 522 F.2d 1128, 1130-31 (8th Cir.1975). He did not. The district court detailed Christie's obstreperousness, and considered his explanations for failing to appear at meetings. We hold that the court did not err in granting summary judgment on this claim.
 
 E
 
 21
 Christie next contends that the court erred in dismissing his Bivens claims relating to the alleged unauthorized access to his medical records. The court concluded that the statute of limitations bars the claims.
 
 
 22
 California's one-year personal injury statute of limitations applies to these Bivens claims. Van Strum v. Lawn, 940 F.2d 406, 409-410 (9th Cir.1991) (personal injury statute of limitations applies to Bivens claims). Christie claimed that access was made sometime between October 1982 and July 1985. He filed the original complaint in district court in March 1987. As the district court determined, he waited too long to file the claims. His general allegation of a continuing conspiracy to discriminate against him does not save his allegation about access to his medical records. See, e.g., Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480-81 (9th Cir.1989) (no continuing violation but rather several separate acts).
 
 E
 
 23
 Christie next argues that the district court erred in dismissing his other Bivens claims against a number of Navelex employees. The district court determined that these claims were preempted by remedies available to federal employees under various civil rights statutes and the Civil Service Reform Act.
 
 
 24
 The existence of alternative remedies under the CSRA bars the use of a Bivens action for these employment related claims. Saul v. United States, 928 F.2d 829, 835-39 (9th Cir.1991); Berry v. Hollander, 925 F.2d 311, 316 (9th Cir.1991). As we stated in Berry, "[t]he Supreme Court has made clear the propriety of according great deference to Congress in devising remedial schemes for wrongs committed against employees of the federal government. When Congress has created a statutory remedy for potential harms, the courts must refrain from implying non-statutory causes of action such as Bivens. " 925 F.2d at 316.
 
 
 25
 Christie's attempts to demonstrate that his claims did not arise out of the workplace are unpersuasive. Accordingly, we hold that the district court did not err in dismissing these claims.
 
 F
 
 26
 Christie similarly contends that the district court erred in dismissing his tort claim for intentional infliction of emotional distress. The court correctly concluded that this claim is preempted by the availability of remedies under the CSRA. See Saul, 928 F.2d at 840-43 (discussing preemption of state law tort claims). As above, his attempts to characterize the alleged threats as outside the work setting are unpersuasive.
 
 G
 
 27
 Christie's final argument challenges the district court's denial of his request for a preliminary injunction and temporary restraining order to prevent Navelex from firing him. This court reviews the denial for abuse of discretion. Al-Kim v. United States, 650 F.2d 944, 948 (9th Cir.1979).
 
 
 28
 To obtain the relief he sought, Christie needed, at a minimum, to show a likelihood of irreparable harm beyond mere deprivation of income or a likelihood of success on the merits. See Sampson v. Murray, 415 U.S. 61, 88-91 (1974). As the district court concluded, he made neither showing. We hold that the district court did not abuse its discretion in denying Christie's request for a preliminary injunction.
 
 II
 
 29
 The district court's judgment is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 This notice reads, in pertinent part: "the decision of the Commission is final, and there is no further right of administrative appeal from the Commission's decision. However, you have the right to file a civil action ... WITHIN THIRTY (30) DAYS of the date that you receive the Commission's decision."