959 F.2d 1102
 62 Fair Empl.Prac.Cas. (BNA) 160, 295 U.S.App.D.C. 98
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Ruth--PACKER, Appellant
v.
H. Lawrence GARRETT, III, Secretary, Department of the Navy, et al.
 No. 91-5185.
 United States Court of Appeals, District of Columbia Circuit.
 March 26, 1992.
Order and Memorandum Filed on Denial of Rehearing
July 16, 1992.
 
 Before MIKVA, Chief Judge, and RUTH BADER GINSBURG and BUCKLEY, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for appointment of counsel, and the motion for summary affirmance and the response thereto, it is
 
 
 2
 ORDERED that the motion for appointment of counsel be denied. Appointment of counsel in a civil action is exceptional and is wholly unwarranted when appellant has not demonstrated any likelihood of success on the merits. See D.C. Circuit Handbook of Practices and Internal Procedures 29 (1987). It is
 
 
 3
 FURTHER ORDERED that the motion for summary affirmance be granted substantially for the reasons stated by the district court in its order filed April 20, 1990. The merits of the parties' positions are so clear as to justify summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C.Cir.1987) (per curiam); Walker v. Washington, 627 F.2d 541, 545 (D.C.Cir.) (per curiam), cert. denied, 449 U.S. 994 (1980).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.
 
 ORDER
 
 5
 July 16, 1992.
 
 
 6
 Before: Chief Judge Mikva; Ruth B. Ginsburg and Buckley Circuit Judges
 
 
 7
 Upon consideration of the petition for rehearing, it is
 
 
 8
 ORDERED that the petition be denied for the reasons stated in the accompanying memorandum.
 
 Per Curiam
 MEMORANDUM
 
 9
 Appellant's petition for rehearing does not raise any issues not already considered by the court in granting summary affirmance of the district court's order filed April 20, 1990. Indeed, the only basis for appellant's petition is that she does not understand "how . . . there [can] be a VERDICT before or without a TRIAL." Petition for Rehearing at 1 & 3.
 
 
 10
 When there is no genuine issue of fact in dispute relevant to the application of the governing law, disposition without trial is proper. See Fed. R. Civ. P. 12(b)(6), 12(c) & 56. Here, the district court properly barred an untimely appellant's complaint against the Navy. Under section 717(c) of Title VII, appellant had thirty days following receipt of the EEOC Office of Review and Appeal's decision in which to request reopening or reconsideration, or to file a civil action in district court against the Navy. See 42 U.S.C. 2000e-16(c); 29 CFR. § 1613.235(b). Had she made a timely request for reopening or reconsideration, the 30-day period in which to file a civil action would have been tolled. Nordell v. Heckler, 749 F.2d 47, 49 (D.C. Cir. 1984) (a request for reconsideration can extend the statutory deadline for filing suit, but only if the request is filed in a timely manner). Appellant, however, filed her request to reopen on April 19, 1989, more than seven months after the Office of Review and Appeal's August 30, 1988 decision. Even assuming appellant did not have actual notice of the decision until the end of October 1988, her time in which to request reopening would have expired at the end of November 1988. At the very least, then, her request to reopen was over four months late. Therefore, the 30-day period within which to file a civil action in district court was not tolled, and this suit, which was filed on December 22, 1989, was time barred.