**Danielle SHEAHAN, Plaintiff,**

v.

**Nicholas BRADY, Secretary of the Treasury, and his successor Lloyd Bentsen, Secretary of the Treasury, Diane Epps and Clara James Hairston, Defendants.**

**No. 92 Civ. 8217 (LBS).**

United States District Court, S.D. New York.

Oct. 24, 1994.

Carton & Rosoff, P.C., David M. Rosoff, Harrison, NY, for plaintiff.

Mary Jo White, U.S. Atty. for the S.D.N.Y., New York City (Susan D. Baird, Asst. U.S. Atty., of counsel), for defendants.

### OPINION

SAND, District Judge.

Plaintiff brings this action against the Secretary of the Treasury under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16, alleging that she was discriminated against on the basis of race and color when she was terminated from her position at the Internal Revenue Service ("IRS") in April 1992.[1] Defendant has moved, pursuant to Rule 12(b)(1) of

---

1. Plaintiff had originally also brought defamation claims against the Secretary of the Treasury and defendants Epps and Hairston, as well as a claim pursuant to 42 U.S.C. § 1981. Plaintiff has withdrawn these claims. *See* Plaintiff's Memorandum of Law Dated January 19, 1994 ("Pl.Br.") at 1–2, 7.

the Federal Rules of Civil Procedure, to dismiss plaintiff's complaint for lack of subject matter jurisdiction. For the reasons set forth below, we grant defendant's motion and dismiss plaintiff's complaint.

## BACKGROUND

In evaluating a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may take into account evidence outside the pleadings. *Kamen v. American Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2nd Cir.1986). Our discussion of the relevant facts and of the procedural history of this case is based not only on the pleadings, but also on the declarations and affidavits of the parties.

### A. *Statement of Facts*

Plaintiff Danielle Sheahan was hired by the IRS on May 6, 1991 as a Resources Management Intern, and promoted to a Resources Management Specialist on December 1, 1991. Declaration of Linda Azmon Dated November 22, 1993 ("Azmon Dec.") ¶¶ 4–5 and Exhibits ("Exs.") A & D. Plaintiff remained as a Resources Management Specialist at the IRS until her termination on April 3, 1992. *Id.* at ¶ 12 and Ex. H; Plaintiff's Complaint ("Compl.") at 7–8.

Defendant claims that plaintiff was terminated for submitting an altered college transcript upon her application for employment. Azmon Dec. ¶ 12 and Ex. H. As an appointee under the "Outstanding Scholarship Program," plaintiff was required to be a college graduate and to have a grade-point average of 3.5 or higher on a 4.0 scale, or to have graduated in the top ten percent of her class. Defendant alleges that it fired plaintiff upon discovering that she "had a friend at [Vassar College] who did [plaintiff] a favor by altering [her] transcript" to include grades for coursework completed at other colleges. Azmon Dec. ¶ 10–11 and Ex. H.

Plaintiff, on the other hand, alleges that she faced discrimination and eventual termination at the IRS because of her race and color. *See* Compl. at 3. Plaintiff, who is white, claims that she was ostracized by her mostly black co-workers from the moment of her arrival. *Id.* at 6. She alleges that three black co-workers lodged false complaints against her because she was white. *Id.* at 6; Pl.'s Br. at 2. She further maintains that her black supervisors and co-workers conspired against her and falsely accused her of altering her transcripts in order to bring about her termination from the IRS. Compl. at 3, 6–8; Pl.'s Br. at 2–3.

### B. *Procedural History*

Plaintiff appealed her termination from the IRS to the Merit Systems Protection Board ("MSPB"). Azmon Dec. ¶ 13 and Ex. I. On October 16, 1992, the MSPB issued a final decision dismissing plaintiff's complaint for lack of jurisdiction. *Id.* ¶ 16 and Ex. J.

In the meantime, plaintiff also filed a charge with the Equal Employment Opportunities Commission ("EEOC"). *Id.* ¶ 24 and Ex. O. On October 22, 1992, the EEOC issued a decision dismissing plaintiff's case on the grounds that a proper appeal was already pending before the Merit Systems Protection Board. *Id.* ¶ 25 and Ex. P. However, because of the MSPB final decision of October 16, 1992, there was actually no MSPB appeal pending on the date of the EEOC dismissal. The EEOC's grounds for dismissing plaintiff's case were therefore erroneous.[2]

Pursuant to instructions in the EEOC's October 22 decision, plaintiff filed suit *pro se* in this Court on November 12, 1992, within thirty days of the EEOC's decision. Compl. at 1. On November 9, however, the Treasury Department had filed a Request to Reopen the EEOC's October 22 decision on the grounds that the EEOC had erred in finding that plaintiff had a pending appeal before MSPB. Azmon Dec. ¶ 26 and Ex. Q. When she filed her civil suit three days later, plaintiff was apparently either unaware of the existence of defendant's Request to Reopen or did not believe that such a request would affect her ability to bring a civil suit. Following notice that plaintiff had filed her complaint in district court, the EEOC closed

2. This point is apparently undisputed by the parties.

plaintiff's case on July 20, 1993. Azmon Dec. ¶ 17 and Ex. R.

## DISCUSSION

Plaintiff asserts a claim of discrimination under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e–16 (prohibiting discriminatory practices against federal employees). This statute requires the exhaustion of administrative remedies prior to the initiation of a civil action in federal court. 42 U.S.C. § 2000e–16(c); *See Stewart v. United States Immigration & Naturalization Serv.,* 762 F.2d 193, 197 (2nd Cir.1985). Under the statute and its accompanying regulations, a complainant is deemed to have exhausted her administrative remedies when a "final action" has been taken by the EEOC on a complaint:

> An employee or applicant is authorized . . . to file a civil action in an appropriate United States district court:
>
> (a) Within thirty (30) calendar days of receipt of notice of *final action* taken by the agency on a complaint. . . .

29 C.F.R. § 1613.281 (emphasis added).[3]

■ Defendant argues that its November 9, 1992 Request to Reopen converted the EEOC's October 22 decision, dismissing plaintiff's case, from a "final" action to a "nonfinal" action. *See* Defendants' Memorandum Dated November 23, 1993 at 10. Consequently, the EEOC's October 22 decision was no longer "final" after November 9. It follows, argues defendant, that plaintiff was barred under the statutory scheme from bringing this civil action on November 12. We agree.

The regulations promulgated pursuant to Title VII state that a decision issued by the EEOC under the relevant section of the statute is "final" for the purposes of filing a civil suit unless:

> (1) Within 30 days of receipt [of] a decision issued under [the statute], *either party files a timely request to reopen* . . . .

29 C.F.R. § 1613.234 (emphasis added). This language makes clear that a timely request to reopen filed by either party will defeat the finality of a decision for purposes of commencing a civil action. *See Scott v. Stone,* 945 F.2d 398, 398 (4th Cir.1991) (construing 29 C.F.R. § 1613.234 in a similar manner).

Although there do not seem to be any opinions discussing this precise issue, courts that have examined whether a request to reopen tolls the statutory time limit for filing a civil action under Title VII have reasoned that "a request for reconsideration of an EEOC opinion, if filed within the time for bringing suit under Title VII, renders the initial decision *no longer 'final action'* and hence extends the deadline for filing a civil action . . . ." *Nordell v. Heckler,* 749 F.2d 47, 48 (D.C.Cir.1984) (emphasis added). *See Rowe v. Sullivan,* 967 F.2d 186, 190 (5th Cir.1992); *Donaldson v. Tennessee Valley Auth.,* 759 F.2d 535, 538 (6th Cir.1985).[4] Moreover, courts have held under other statutory schemes that motions for reconsideration will render agency decisions "nonfinal" and therefore unreviewable. *See United Transp. Union v. Interstate Commerce Comm'n,* 871 F.2d 1114, 1116 (D.C.Cir.1989) (holding that a pending petition for rehearing renders the underlying agency action nonfinal and hence unreviewable with respect to the filing party); *West Penn Power Co. v. United States Envtl. Protection Agency,* 860 F.2d 581, 582 (3rd Cir.1988) (holding that court lacked jurisdiction over petition for review when petition for reconsideration brought by same party was still pending before EPA).[5]

---

**3.** EEOC Regulations 29 C.F.R. 1613.211 *et seq.* have been superseded by Regulations 29 C.F.R. 1614.103 *et seq.* In its October 22, 1992 decision, however, the Commission chose to apply the earlier regulations, because these regulations were in effect at the time of defendant's alleged discriminatory action. *See* Ex. P to Azmon Dec. We note that our decision would be the same no matter which set of regulations the Commission chose to apply.

**4.** The Second Circuit has never confronted this issue.

**5.** Although some courts have held that requests for reconsideration filed by one party will not render agency decisions nonfinal as to *other* parties, none of these decisions has involved statutory or regulatory language similar to that of Title VII and its accompanying regulations. *See, e.g., ICG Concerned Workers Ass'n v. United States,* 888 F.2d 1455, 1458 (D.C.Cir.1989) (allowing review of a decision by the Interstate Commerce

Thus, we hold that a timely request to reopen an EEOC decision will defeat the finality of that decision for purposes of commencing a civil action under Title VII. Applying this rule, we find that defendant's November 9, 1992 Request to Reopen rendered the EEOC's October 22 decision "non-final," depriving this Court of subject matter jurisdiction over plaintiff's civil action filed on November 12. We therefore grant defendant's motion and dismiss plaintiff's complaint.

## CONCLUSION

For the reasons set forth above, we grant defendant's motion and dismiss plaintiff's complaint without prejudice. Defendant is given thirty days from the date of this opinion to renew its Request to Reopen the EEOC's October 22, 1992 decision. Alternatively, plaintiff can make her own request during the same thirty-day period to reopen the decision pursuant · to 29 C.F.R. 1613.235(b). We anticipate that the EEOC will grant either of these requests, considering that its October 22 decision dismissing plaintiff's case rested on the clearly erroneous finding that an appeal was simultaneously pending before the Merit Systems Protection Board. In the unlikely event that the EEOC should fail to grant such a request, its action will then be final and plaintiff may within thirty days thereafter commence another proceeding in this Court.

SO ORDERED.

Commission); *Winter v. Interstate Commerce Comm'n*, 851 F.2d 1056, 1062 (8th Cir.) (same),

*cert. denied*, 488 U.S. 925, 109 S.Ct. 308, 102 L.Ed.2d 327 (1988).