**Betty J. BIRCH, Appellant,**

v.

**John LEHMAN, Secretary of United States Department of the Navy, Appellee.**

**No. 81–2084.**

United States Court of Appeals, Fourth Circuit.

Argued April 2, 1982.

Decided May 5, 1982.

Rehearing Denied June 16, 1982.

---

Leslie J. Winner, Charlotte, N. C. (J. Le-Vonne Chambers, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, P. A., Charlotte, N. C., on brief), for appellant.

Alex H. Adkins, Dept. of the Navy, Washington, D. C. (Samuel T. Currin, U. S. Atty., Dennis Ian Moore, Asst. U. S. Atty., Raleigh, N. C., David E. Kirkpatrick, Litigation Div., Washington, D. C., on brief), for appellee.

Before WINTER, Chief Judge, and MUR-NAGHAN and SPROUSE, Circuit Judges.

SPROUSE, Circuit Judge:

Betty Birch appeals the district court's dismissal of her civil rights action brought against the Secretary of the Navy pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* Finding her contentions to be without merit, we affirm.

The United States Navy Regional Medical Center (NRMC) at Camp LeJeune, North Carolina, dismissed Birch from her position as librarian in December, 1976, following charges of poor work performance. Prior to her dismissal Birch had filed a formal administrative complaint, claiming that she had been denied several benefits because of her sex. She continued to pursue administrative remedies following her dismissal, and on April 23, 1979, NRMC informed her that several of the issues she had raised would receive further consideration, but that others, including that of her dismissal, had been rejected. She was informed that this was NRMC's final decision with respect to the rejected issues and was advised that she could appeal to the Equal Employment Opportunity Commission (EEOC) within 15 days of the final decision or directly to the district court within 30 days. A third option—appeal to the EEOC followed by a civil action in district court within 30 days of the EEOC decision—also was explained to her. Birch had been informed of these rights to appeal on several other occasions prior to the April 23 letter.

Birch appealed to the EEOC on May 7, 1979, and received that agency's decision on October 23, 1980, which held that the Navy had improperly rejected several discrimination allegations involving benefits, but that the rejection of the issue of her dismissal had been proper. The EEOC decision contained the following language:

> Pursuant to 29 C.F.R. 1613.282, the appellant is hereby notified that this is the Commission's final decision and that appellant has a right to file a civil action in the appropriate United States District Court within thirty (30) calendar days of receipt of this decision.[1]

In the same letter, both the appellant and the NRMC were notified that the Commission, in its discretion, could reopen and reconsider any previous decision. The NRMC was required to make any request for reopening within 30 days, but there was no time limit placed on Birch, who could petition for reopening at any time. On November 20, 1980, Birch requested the EEOC to reopen her case. That request was rejected on May 18, 1981,[2] because she failed to meet the criteria for reconsideration set forth in 29 C.F.R. 1613.235 (1981), which allows reopening when "new and material evidence is available that was not readily available when the previous decision was issued." Birch filed a civil action in district court on June 17, 1981, more than eight months after her receipt of the EEOC's final decision of October 23, 1980. The district court dismissed her complaint because it had not been timely filed.

Birch now argues that there was no "final action" by the EEOC until she was notified of the denial of her request for reopening and that she had 30 days from that date to file her district court action.

1. The 30-day time limit is set forth in 42 U.S.C. § 2000e–16(c), which provides in part:

   (c) Within thirty days of receipt of notice of final action taken by a department, agency, or unit ... or by the Civil Service Commission upon an appeal from a decision or order of such department, agency, or unit ... an employee ... may file a civil action as provided in section 2000e–5 of this title....

2. Birch received the Denial of Request to Reopen on May 21, 1981.

We disagree. Accepting appellant's position would mean that no decision by the EEOC could be regarded with certainty as a "final action" since a plaintiff could revive his claim at any time, merely by requesting reconsideration. Such a result would render the statutory 30-day requirement meaningless. The "final action" by the EEOC[3] was its denial of Birch's appeal, which she received on October 23, 1980, and she was required to file her appeal to the district court within thirty days from that time. The fact that she made her request for reopening within thirty days of October 23 does not alter this result. Birch was clearly notified in the decision received October 23, 1980, that such decision was final, and that any reconsideration of that decision was entirely in the discretion of the EEOC. The judgment is, therefore, affirmed.

AFFIRMED.

---

3. The appeal function of the Civil Service Commission was transferred to the Equal Employment Opportunity Commission by § 3 of the 1978 Reorganization Plan ¶ 1, 43 Fed.Reg. 19807.