Roderick P. Bushnell, Bushnell, Caplan, Fielding & Rudy, San Francisco, Cal., for plaintiff-appellant.

Glenda Robinson, Asst. U.S. Atty., San Francisco, Cal., for defendant-appellee.

**Abida MAHROOM, Plaintiff-Appellant,**

v.

**DEFENSE LANGUAGE INSTITUTE, Defendant-Appellee.**

No. 83–1871.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 17, 1984.

Decided May 9, 1984.

Before MERRILL, FARRIS and PREGERSON, Circuit Judges.

PER CURIAM:

■ Mahroom, proceeding *pro se*, filed an administrative complaint with the Equal Employment Opportunity Commission charging employment discrimination by her former employer, the Defense Language Institute of the federal government. She alleged that she had been forced to resign because she had participated in activities protected by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* On May 29, 1982, she received from the Com-

mission a right-to-sue letter with notice that her charge had been denied. The notice informed Mahroom that she had thirty days from the receipt of the notice in which to file a civil action in the appropriate federal District Court.[1] The question presented here is whether she timely commenced suit by filing a complaint in the District Court.

On June 17, 1982, Mahroom wrote a letter to the District Court stating that she wished to pursue her case but had not yet been able to secure a lawyer. In addition, she attached to the letter a copy of the Commission decision and its right-to-sue letter. Thus, the District Court was apprised of all relevant jurisdictional facts as well as a statement of all the underlying facts. In response the District Court mailed her a form complaint which she received July 9, 1982. She filled out this form and returned it to the Court on July 15, 1982; the Court received and filed it on July 21, 1982. The Institute moved to dismiss this complaint as not timely filed. The District Court granted this motion, and this appeal followed.

In interpreting the procedural requirements of Title VII we are guided by the Supreme Court's admonition that "a technical reading would be 'particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process.'" *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 397, 102 S.Ct. 1127, 1134, 71 L.Ed.2d 234 (1982), *quoting Love v. Pullman Co.*, 404 U.S. 522, 527, 92 S.Ct. 616, 619, 30 L.Ed.2d 679 (1972). Against this backdrop we have held, *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082 (9th Cir.1983), that Title VII's requirement that a civil action be filed within thirty days does not require the filing of a formal complaint by a *pro se* litigant. In *Rice*, the claimant proceeding

*pro se* filed with the District Court within the 30-day period a request for appointment of counsel, including an account of his discrimination claim and the administrative disposition of it. We recognized that the purpose of the 30-day jurisdictional period was not to "close the courthouse doors on laymen plaintiffs who mistakenly fail to label their filing a 'complaint,'" but rather was to quickly facilitate the judicial proceedings. 720 F.2d at 1084. Accordingly, we find that Mahroom filed a civil action within the meaning of 42 U.S.C. § 2000e–16(c) by filing with the District Court a request for counsel coupled with materials from which that court could determine the relevant facts and nature of the claim.

On June 25, 1982, prior to her receipt of the form complaint, Mahroom requested the Commission to reconsider its earlier denial of her claim. The Commission adhered to its decision but did issue a second right-to-sue letter on September 15, 1983. Mahroom then filed a timely complaint in District Court on October 14, 1983. That action is still pending. Mahroom asks that this case be remanded to be consolidated with the pending action.

We hold the second right-to-sue letter to be without effect. In *Birch v. Lehman*, 677 F.2d 1006 (4th Cir.1982), *cert. denied*, 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983), it was held that the denial by the Commission of the complaint was final action and was unaltered by a request for reconsideration. The Court reasoned that a contrary holding would deprive a Commission holding of any finality because a claimant could request reconsideration at any time. We agree. The final action by the Commission, for purposes of triggering the 30-day limitations period in which to file suit, was its denial of Mahroom's charge, which she received on May 29, 1982. The issuance of the second right-to-

---

1. 42 U.S.C. § 2000e–16(c) provides, in part:
   Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency, or unit on a complaint of discrimination ... an employee ... if aggrieved by the final disposition of his complaint, ... may file a civil action ... in which civil action the head of the department, agency, or unit, as appropriate shall be the defendant:

sue letter should not require a different result in absence of any indication that the Commission intended to withdraw its earlier decision and revoke its first right-to-sue letter. *See Lute v. Singer Company,* 678 F.2d 844, 846–47 (9th Cir.1982), *modified on other grounds,* 696 F.2d 1266 (1983).

The dismissal is VACATED and the matter is REMANDED for further proceedings. The motion for remand and consolidation is DENIED.