878 F.2d 378
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Betty J. BIRCH, Plaintiff-Appellant,
v.
James H. WEBB, Secretary of the Navy, Defendant-Appellee.
 No. 88-3190.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1989.
Decided June 23, 1989.
 
 Samuel Stuart Popkin, Popkin & Associates on brief, for appellant.
 Raymond Thomas Lee, III (Office of Civilian Personnel Management, Department of the Navy, Margaret Person Currin, United States Attorney, Stephen A. West, Assistant United States Attorney, on brief) for appellee.
 Before SPROUSE, Circuit Judge, JOHN A. MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Betty J. Birch, who for a period of about eleven months in 1976 was a civil service employee of the United States Navy, appeals from the dismissal of her Title VII action brought against the Secretary of the Navy on grounds of sex discrimination. The district court granted the defendant's motion to dismiss on grounds that it lacked subject matter jurisdiction and that the issues sought to be raised by plaintiff in this action were foreclosed by this court's decision in Birch v. Lehman, 677 F.2d 1006 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). We agree with the district court's disposition of the case and affirm.
 
 
 2
 In February 1976 the plaintiff was employed by the Navy as a librarian at Camp Lejeune, North Carolina. On September 20, 1976 she filed an administrative claim alleging discrimination in various conditions of her employment as follows: (1) she was given a military dependent identification card as opposed to a civilian employee identification card; (2) she was not given a reserved parking space; (3) she was required to perform typing duties; (4) she was not allowed to attend professional staff meetings; (5) she was issued performance standards; and (6) she had received various letters of warning regarding her performance of duties. These complaints were rejected by the Navy, and plaintiff appealed to the Civil Service Commission (CSC).
 
 
 3
 On December 14, 1976, plaintiff was removed from her position, and she appealed that removal to the Federal Employee Appeals Authority (FEAA) of the CSC. Plaintiff's removal was affirmed by the FEAA on April 13, 1977, but the Navy's rejection of her administrative discrimination complaint based on the six grounds listed above was reversed by the CSC's Appeals Review Board on December 14, 1977.
 
 
 4
 In a forty-one-page letter to the commanding officer of the Naval Regional Medical Center (NRMC) at Camp Lejeune dated January 14, 1978 the plaintiff undertook to relitigate her removal under EEOC procedures. Following further administrative processing of plaintiff's claims some of them, including the issue of plaintiff's removal, were rejected as being untimely filed while other claims were rejected as being outside the coverage of Title VII.
 
 
 5
 The plaintiff again appealed these decisions to the Equal Employment Opportunity Commission, and in a decision dated September 3, 1980, the EEOC affirmed in part and reversed in part, holding that plaintiff's allegations concerning her removal had been properly rejected by the NRMC as untimely but remanding the "conditions of employment" issues for further processing.
 
 
 6
 Although notified by the EEOC of her right to file a civil action within thirty days thereafter plaintiff instead sought reconsideration of the EEOC's decision which was denied on October 23, 1980. Without undertaking to pursue further her administrative remedies with respect to her claim of discrimination in the terms and conditions of her employment the plaintiff instituted a civil action against the Secretary of the Navy in the United States District Court for the Eastern District of North Carolina on June 17, 1981 in which she incorporated not only her claim for wrongful discharge because of her sex and in retaliation against her because of her efforts to enforce her rights under Title VII but also her six claims for denial of equal terms and conditions of employment because of her sex which we have set forth above. Because this action had not been instituted within the thirty-day period prescribed by Title VII it was dismissed as untimely which decision was affirmed by this court and left undisturbed by the Supreme Court in Birch v. Lehman, supra.
 
 
 7
 In late December 1985 the plaintiff wrote the EEOC inquiring as to the status of those issues which the EEOC had remanded to NRMC in its 1980 decision. Following the suggestion of a complaints examiner that plaintiff's complaint be cancelled as res judicata and moot based on the prior judicial disposition of plaintiff's complaint NRMC did so and plaintiff again appealed to the EEOC which decided on September 30, 1987 that plaintiff's claims of discrimination in the terms and conditions of her employment were neither res judicata nor moot. As to the merits of plaintiff's six claims, however, the EEOC found no discrimination. Within thirty days thereafter the plaintiff filed the instant action on October 29, 1987. The plaintiff's complaint in this action is an almost verbatim copy of the first action she brought in 1981, differing only in that it names a new Secretary of the Navy and adds a meritless allegation of jurisdiction under 42 U.S.C. Sec. 1981. In due course the defendant filed a motion to dismiss this action on the grounds that (1) the court lacked subject matter jurisdiction; (2) the issues raised by the plaintiff are res judicata by virtue of the court's previous decision; and (3) the claim of discrimination in the terms and conditions of employment "are moot by virtue of plaintiff's uncontested removal." In its order of 16 September 1988 the motion to dismiss on jurisdictional and res judicata grounds was granted. This appeal followed.
 
 
 8
 We need not concern ourselves with what might have happened had the plaintiff chosen to complete the exhaustion of her administrative remedies with respect to her six claims of discrimination in the conditions of her employment before instituting her first action in 1981, for the fact is that she did not do so but chose instead to incorporate all of her claims in the complaint filed in that action. This court affirmed its dismissal as untimely, and the Supreme Court declined to review. Seven years later the court has before it plaintiff's second complaint based on identical allegations. We have no hesitance in holding that this second action is barred under the principle of res judicata. Plaintiff's claim that the principle does not apply because the dismissal of the prior action was not on the merits is without support in the law.
 
 
 9
 It is a misconception of res judicata to assume that the doctrine does not come into operation if a court has not passed on the "merits" in the sense of the ultimate substantive issues of a litigation. An adjudication declining to reach such ultimate substantive issues may bar a second attempt to reach them in another court....
 
 
 10
 Angel v. Bullington, 330 U.S. 183, 190 (1947).
 
 
 11
 Moreover, this court has very recently held that a dismissal on statute of limitations grounds bars subsequent litigation of the same claim between the same parties in a second action in that the earlier statute of limitations ruling constitutes a judgment on the merits subject to claim preclusion. Shoup v. Bell & Howell Company, No. 88-1041 (4th Cir., April 26, 1989).
 
 
 12
 Apparently considering this result to be a foregone conclusion, defendant has asked this court to impose sanctions on the plaintiff and her attorney for having instituted what defendant characterizes as a frivolous action. After thorough consideration of this claim we have concluded that such action is not warranted in this instance.
 
 
 13
 For the reasons stated the judgment of dismissal of the action is
 
 
 14
 AFFIRMED.