877 F.2d 61
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Joe L. YOUNG, Plaintiff-Appellant,
v.
William L. BALL, III, Secretary of the Navy, Defendant-Appellee.
 No. 89-2920.
 United States Court of Appeals, Fourth Circuit.
 Submitted May 3, 1989.
Decided June 2, 1989.
Rehearing and Rehearing In Banc Denied July 5, 1989.
 
 Joe L. Young, appellant pro se.
 Michael Anson Rhine, Office of the United States Attorney, for appellee.
 Before HARRISON L. WINTER and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Joe L. Young appeals an order of the district court dismissing his employment discrimination complaint filed under 42 U.S.C. Sec. 2000e-16(c). Young filed the complaint within 30 days of a July 1, 1988, order of the Equal Employment Opportunity Commission (EEOC) which refused to reopen a September 11, 1987, EEOC decision dismissing Young's discrimination claim. We affirm the district court's order dismissing the complaint.
 
 
 2
 Section 2000e-16(c) of Title 42 mandates that federal employees bringing Title VII actions file suit within 30 days of receipt of notice of final action taken by the EEOC. A subsequent request to the EEOC to reopen and reconsider its initial decision does not toll the 30-day time limit. See Birch v. Lehman, 677 F.2d 1006 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). Further, the rejection of a request to reopen by the EEOC is not a "final decision" within the meaning of 42 U.S.C. Sec. 2000e-16(c), and does not provide an employee with a second opportunity to file a timely law suit. See id. at 1008.
 
 
 3
 Here, the final action triggering the 30-day filing period occurred on September 11, 1987, and Young was required to file his appeal to the district court within 30 days from that time. As Young filed this complaint on August 1, 1988, well beyond the 30-day period, the district court properly dismissed this complaint as time barred.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.