**Truman E. BULLARD, Plaintiff,**

**v.**

**Richard E. LYNG, Defendant.**

**No. 88–67–CIV–3.**

United States District Court,
E.D. North Carolina,
Fayetteville Division.

July 11, 1989.

Truman E. Bullard, Roseboro, N.C., pro se.

Asst. U.S. Atty. Stephen A. West, E.D. N.C., Raleigh, N.C., for defendant.

## ORDER

BRITT, Chief Judge.

### I

On 17 June 1988 plaintiff instituted this action seeking redress under the Rehabili-

tation Act of 1973, 29 U.S.C. § 791, for alleged intentional discrimination in the refusal of the United States Department of Agriculture (USDA) to grant him an employment preference based on his status as a veteran and a handicapped person. The matter is now before the court on a motion by defendant to dismiss or, in the alternative, for summary judgment. Briefs have been filed and a decision is appropriate.

## II

■ Before addressing the motion on its merits the court notes that plaintiff filed a document on 16 June 1989 entitled "Plaintiff's Reply Memorandum" which defendant has now moved to strike as being in violation of the local rules of this court. With its motion defendant filed a supporting memorandum. In apt time plaintiff filed a memorandum in response. Thereafter, defendant filed a reply brief. All of this is permitted by Local Rule 4.00 of this court. Neither Rule 4.00 nor any other rule of this court or of the Rules of Civil Procedure permit the filing of further briefs. In fact, Rule 4.06, which permits reply briefs, provides that "[r]eplies to responses are discouraged. However, a party desiring to reply to matters raised initially in a response to a motion ... shall file the reply within ten days...." Were the court to permit each party to reply to the last brief of the other the process would never end. Thus, only those briefs explicitly permitted by the rules will be allowed. The motion by defendant to strike plaintiff's reply memorandum is allowed and the same will not be considered by the court.

## III

The following facts are not in dispute:

1. On 22 July 1977 plaintiff applied for a position in the County Executive Director Training Program with the Agriculture Stabilization and Conservation Service (ASCS), USDA.

2. Plaintiff interviewed for the position in October 1977.

3. On 11 November 1977 six applicants, other than plaintiff, were selected.

4. On 8 January 1978 five more applicants, again excluding plaintiff, were selected.

5. On 23 January 1979 plaintiff contacted an EEOC Counselor and complained that he had been discriminated against on the basis of his handicap.

6. On 23 February 1979 plaintiff had his final interview with the EEOC counselor.

7. On 1 March 1979 plaintiff filed a complaint with the USDA.

8. A final agency decision, finding no discrimination in plaintiff's failure to be selected, was rendered on 2 February 1984.

9. On 28 February 1984 plaintiff appealed to the Office of Review and Appeals of the EEOC.

10. On 25 September 1985 plaintiff's appeal was dismissed because it had not been timely filed. At the time he was notified of the dismissal of his complaint, plaintiff was provided with a document entitled "STATEMENT OF APPELLANT'S RIGHTS" which advised him, among other things, of his right to file an action in court.[1] The rights form also advised plaintiff that he could request that the decision be reopened. However, it also contained the following warning: "FILING A REQUEST TO REOPEN ... MAY NOT EXTEND THE TIME PERIOD ALLOWED FOR FILING A CIVIL ACTION. IF YOU WISH TO PRESERVE YOUR RIGHT TO FILE A CIVIL ACTION, THE CIVIL ACTION SHOULD BE FILED WITHIN THE TIME ALLOWED, EVEN IF YOU DECIDE TO REQUEST REOPENING...."

11. On 8 October 1985 plaintiff requested that his appeal be reopened.

12. On 28 July 1987 plaintiff's request to reopen his appeal was allowed. The

---

**1.** The form stated, in part, "[y]ou are hereby notified that the attached decision in your case is final. You have the right to file a civil action in the appropriate United States District Court *WITHIN THIRTY (30) DAYS* from the date you receive this decision." (emphasis in original)

matter was considered on the merits and no discrimination found.[2]

13. On 28 August 1987 plaintiff again requested that his case be reopened.

14. On 6 May 1988 the request to reopen was denied and plaintiff was again provided with the form advising him of his rights.

## IV

■ Defendant contends that this action should be dismissed because plaintiff failed to exhaust his administrative remedies and because the action was not timely filed. The court agrees that the action must be dismissed for failure to timely file. Thus, defendant's alternative argument will not be addressed.

Title 29, United States Code, Section 794a adopts the remedies of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e–16) as the appropriate procedure for an action under the Rehabilitation Act. Title 42, United States Code, Section 2000e–16 provides that an aggrieved party must file a civil action within thirty days of receipt of notice of final action taken by the agency or department or by the EEOC upon an appeal from a department or agency action.

*Birch v. Lehman,* 677 F.2d 1006 (4th Cir.1982), *cert. denied,* 459 U.S. 1103, 103 S.Ct. 725, 74 L.Ed.2d 951 (1983), was strikingly similar to the case at bar and its decision is controlling here. In *Birch,* plaintiff was dismissed from her position as a librarian at the Navy Regional Medical Center (NRMC) at Camp Lejeune, North Carolina. Plaintiff had filed an administrative complaint prior to her dismissal in which she alleged that she was denied benefits because of her sex. On 23 April 1979 Birch was informed that several of the issues which she had raised would be given further consideration but that some of her claims, including her dismissal, were rejected. The notification also advised plaintiff that the decision of NRMC with regard to the rejected issues was final and that she could appeal that decision to the EEOC within fifteen days or the district court

within thirty days. She was also informed that she could appeal to the EEOC after which she could institute an action in the district court within thirty days of the EEOC decision. Birch did appeal to the EEOC which notified her of its final decision on 23 October 1980. This notification advised plaintiff that she had thirty days after receipt of the notice to file a civil action. And, as in the case at bar, plaintiff was also notified that she could request the EEOC to reopen her case. She made such a request on 20 November 1980 and it was rejected on 18 May 1981. She then commenced her civil action on 17 June 1981.

The decision of the district court that the "final action" triggering the running of the 30–day filing period was the initial denial of the claim by the EEOC was affirmed by the Fourth Circuit. There, as here, the request for reconsideration did not act to toll the time-filing requirement. To a contention by *Birch* that there was no "final action" by the EEOC until she was notified of the denial of her request for reopening, the Fourth Circuit said: "Accepting appellant's position would mean that no decision by the EEOC could be regarded with certainty as a 'final action' since a plaintiff could revive his claim at any time, merely by requesting reconsideration. Such a result would render the statutory 30–day requirement meaningless." *See, Mahroom v. Defense Language Institute,* 732 F.2d 1439 (9th Cir.1984), and *Clark v. Goode,* 499 F.2d 130 (4th Cir.1974).

Plaintiff having been notified on 25 September 1985 that he must file his civil action within thirty days from the date he received the notice, his filing of this action on 17 June 1988, nearly three years later, was clearly untimely.

## V

■ Plaintiff contends that he is protected by 29 C.F.R. § 1613.234(b)(1) which provides:

(b) *Finality.* A decision issued under this section is final within the meaning of Secs. 1613.281 and 1613.641 unless:

---

**2.** The notification of this decision also included     one of the advice-of-rights forms.

(1) Within 30 days of receipt a decision issued under paragraph (a) of this section, either party files a timely request to reopen pursuant to Sec. 1613.235....

Of course, this regulation offers no help to plaintiff as it was adopted on 30 October 1987, more than two years after plaintiff's final EEOC decision was rendered.

Defendant's motion for summary judgment is granted and this action is dismissed.