945 F.2d 398
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Grace SCOTT, now known as Grace M. Humphrey, Plaintiff-Appellant,
v.
Michael P.W. STONE, Secretary of the Army, Defendant-Appellee.
 No. 91-1407.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 15, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Clyde H. Hamilton, District Judge. (CA-89-3059-3-15H)
 Grace Scott, appellant pro se.
 Barbara Cozad Biddle, Robert David Kamnshine, United States Department of Justice, Washington, D.C., Theresa Hern Potts Bailey, Office of the United States Attorney, Columbia, S.C., John Henry Belser, Jr., United States Army, Arlington, Va., for appellees.
 D.S.C.
 VACATED AND REMANDED.
 Before K.K. HALL and WILKINS, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 This case presents the issue of whether under 42 U.S.C. § 2000e16, requiring a law suit challenging federal employment discrimination to be filed "[w]ithin thirty days of receipt of notice of final [agency] action," and under the EEOC's new regulations governing motions for reconsideration, the thirty days runs from the EEOC's initial denial of a plaintiff's claim or from its denial of reconsideration. We hold that the filing period commences on the date of denial of reconsideration, and vacate the district court's decision dismissing the action as untimely.
 
 
 2
 Grace Scott filed a complaint with the Equal Employment Opportunity Commission (EEOC) against the Secretary of the Army in May of 1986. The complaint alleged discrimination based on race, and reprisal, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The EEOC Office of Review and Appeals issued its final decision on May 20, 1988. Thereafter, Scott filed a timely motion to reconsider, which was denied on May 16, 1989.* She filed the instant civil action in the district court on June 26, 1989. The district court dismissed the case for lack of subject matter jurisdiction, concluding that it was untimely. Scott appeals.
 
 
 3
 In dismissing her complaint, the district court held that the provisions of § 2000e-16, giving an aggrieved person thirty days from the receipt of notice of final agency action within which to file a civil suit, should be interpreted to refer to the initial "final" agency action, not the denial of a motion to reconsider. As support for its holding, the court cited to our opinion in Birch v. Lehman, 677 F.2d 1006 (4th Cir.1982), cert. denied, 459 U.S. 1103 (1983). In Birch, we expressed our concern that if the "final" agency action referred to the denial of motions to reconsider, "no decision by the EEOC could be regarded with certainty as a 'final action' since a plaintiff could revive his claim at any time, merely by requesting reconsideration. Such a result would render the statutory 30-day requirement meaningless." Id. at 1008. At the time Birch was decided, the EEOC regulations did not limit the number of times a plaintiff could file requests to reopen. See 29 C.F.R. § 1613.235 (1986). We thus held that the filing of a request to reopen would not toll the period for filing a civil action.
 
 
 4
 Our view at that time was apparently shared by the EEOC. The form it used to notify a plaintiff of its decision stated that the decision was "final" and that the plaintiff had thirty days from its receipt within which to file a civil action. The form went on to state that "FILING A REQUEST TO REOPEN*** MAY NOT EXTEND THE TIME PERIOD ALLOWED FOR FILING A CIVIL ACTION. IF YOU WISH TO PRESERVE YOUR RIGHT TO FILE A CIVIL ACTION, THE CIVIL ACTION SHOULD BE FILED WITHIN THE TIME ALLOWED, EVEN IF YOU DECIDE TO REQUEST REOPENING***." (capitalization in original).
 
 
 5
 Since our decision in Birch, the EEOC has changed its regulations regarding the definition of a "final" agency action for the purposes of filing a civil suit. An individual is now limited to one request to reopen and the decision on that request is considered final. 29 C.F.R. § 1613.235(d). In addition, the regulations now explicitly state that the initial decision by the EEOC Office of Review and Appeals is "final" for the purposes of filing a civil suit unless "[w]ithin 30 days of receipt [of] a decision [by the Office of Review and Appeals], either party files a timely request to reopen...." 29 C.F.R. § 1613.234(b)(1).
 
 
 6
 These changes, which became effective on November 30, 1987 (52 Fed.Reg. 41920 (1987)), reflect the EEOC's recognition of the concerns expressed in Birch :
 
 
 7
 The new 29 C.F.R. § 1613.235 makes clear that only a timely request to reopen defeats the finality of a decision for purposes of commencing a civil action.
 
 
 8
 Requests to Reopen: The current regulation does not specify how many requests to reopen the Commission would entertain that arise out of the same decision. In the past, the Commission occasionally accepted more than one such request. As a consequence, parties sometimes used the process as a delaying tactic. The new provisions indicates [sic] the Commission's intention to consider matters on requests to reopen only once. No further administrative review of a decision under § 1613.235 is available to either party. 51 Fed.Reg. 29484 (1986). Therefore, neither the regulations nor the reasoning expressed in Birch support the district court's opinion in this case.
 
 
 9
 In changing the regulations, the EEOC was clearly exercising its statutory power according to 42 U.S.C. § 2000e-16(b) which gives the EEOC authority to "issue such rules, regulations, orders and instructions as it deems necessary and appropriate to carry out its responsibilities under" the provisions relating to discrimination in employment by the federal government.
 
 
 10
 For the foregoing reasons, we vacate the decision of the district court, and remand the case for full consideration on the merits of the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 11
 VACATED AND REMANDED.
 
 
 
 *
 Scott received this decision on May 30, 1989