995 F.2d 232
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ralph MAXIM, Plaintiff-Appellant,
v.
H. Lawrence GARRETT, III, Secretary, Defendant-Appellee.
 No. 92-56466.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 25, 1993.*
Decided June 1, 1993.
 
 Before: HUG, WIGGINS, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ralph Maxim appeals pro se the district court's summary judgment in favor of the Secretary of the Navy (Secretary) in his employment discrimination action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Title VII), alleging retaliation for filing a complaint with the Equal Employment Opportunity Commission (EEOC). Maxim contends that the district court erred by finding that his action was time-barred. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
 
 
 3
 We review de novo a district court's grant of summary judgment. Scholar v. Pacific Bell, 963 F.2d 264, 266 (9th Cir.), cert. denied, 113 S.Ct. 196 (1992). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339-40 (9th Cir.1989). A Title VII action must be filed within thirty days from issuance of the right-to-sue letter by the EEOC. 42 U.S.C. § 2000e-16(c); Mahroom v. Defense Language Inst., 732 F.2d 1439, 1440-41 (9th Cir.1984) (per curiam).
 
 
 4
 The relevant facts are undisputed. Maxim filed a complaint with the EEOC alleging, among other things, that the Navy issued a "Notification of Unsatisfactory Performance" in retaliation for filing a complaint with the EEOC. In August 1990, Maxim received a right-to-sue letter from the EEOC. On March 5, 1991, Maxim filed this action in district court. The court found the action untimely because it was not filed within thirty days of receipt of the right-to-sue letter by the EEOC.
 
 
 5
 For the first time on appeal, Maxim introduces a request to reopen the EEOC decision which was resolved on January 25, 1991. Maxim claims that he received the adverse decision regarding the request to reopen on February 20, 1991, and therefore filed a timely action in district court. The government contends that the request to reopen should not be considered on appeal because Maxim failed to introduce it before the district court. The government's contention is correct.
 
 
 6
 "[E]xhibits and papers not filed with the district court or admitted into evidence are not part of the appellate record." United States v. Sanchez-Lopez, 879 F.2d 541, 548 (9th Cir.1989) (citing Fed.R.App.P. 10(a)). Because Maxim failed to introduce the request to reopen before the district court, we do not consider it in deciding this appeal. See id. Accordingly, because Maxim failed to file his action within thirty days of receiving the right-to-sue letter, the district court properly granted summary judgment for the Secretary. See Scholar, 963 F.2d at 268; cf. Mahroom, 732 F.2d at 1440.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3