**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PHILLIP L. COCHRAN,
            *Plaintiff-Appellant,*

v.

ERIC H. HOLDER, JR., Attorney
General,
            *Defendant-Appellee.*

No. 07-1888

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
James C. Cacheris, Senior District Judge.
(1:06-cv-01328-JCC)

Argued: December 4, 2008

Decided: May 4, 2009

Before WILKINSON, MOTZ, and TRAXLER,
Circuit Judges.

---

Reversed and remanded by published opinion. Judge Motz
wrote the opinion, in which Judge Wilkinson and Judge Trax-
ler joined.

---

## COUNSEL

**ARGUED:** Phoebe Leslie Deak, Washington, D.C., for
Appellant. Dennis Carl Barghaan, Jr., OFFICE OF THE

UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee. **ON BRIEF**: Chuck Rosenberg, United States Attorney, Alexandria, Virginia, for Appellee.

---

**OPINION**

DIANA GRIBBON MOTZ, Circuit Judge:

Federal employees who claim illegal discrimination by their employer may file a civil action within 90 days of a "final" adverse decision by the Equal Employment Opportunity Commission (EEOC). 42 U.S.C. § 2000e-16(c) (2006). This case presents the question of when an EEOC decision becomes "final" for the purpose of this statute. The district court interpreted an EEOC regulation to require that the 90-day period began running from the conclusion of the initial EEOC appeal—*regardless* of whether the employee timely files a motion for reconsideration. For this reason, the court dismissed Phillip Cochran's complaint as untimely. The experienced district judge certainly offered a reasonable construction of the EEOC regulation. But we believe that Supreme Court precedent (never brought to the district court's attention by the parties), along with the consistent judicial interpretation of the regulation and the notice that the EEOC provided to Cochran and routinely provides to aggrieved employees, mandates a contrary construction. Accordingly, we reverse.

I.

In 1986, the United States Marshals Service (USMS) hired Cochran as a Deputy United States Marshal. After a few years on the job, Cochran began experiencing problems with his hearing; he eventually retired from the USMS in 1993. On September 28, 1995, Cochran filed a formal administrative complaint, charging that the USMS discriminated against him on the basis of disability. Cochran alleged that this discrimi-

nation caused his constructive discharge in 1993 and that the USMS unlawfully failed to reinstate him to his previous position in 1995.

Cochran's case followed a lengthy administrative path before reaching the federal courts. After an investigation by the USMS, Cochran chose to pursue a hearing before the Merit System Protection Board, which held against him on May 31, 2001. Cochran then sought a hearing before an EEOC administrative judge, who also found against him. Cochran appealed this decision to the EEOC Office of Federal Operations (OFO), which affirmed the administrative judge's ruling on December 29, 2005. Cochran then filed a timely motion before the OFO seeking reconsideration of the December 29 decision. The OFO denied this motion on March 10, 2006.

Cochran next sought relief in federal court, filing a civil complaint in the district court for the District of Columbia on June 9, 2006—exactly 90 days from the date on which the OFO denied his motion for reconsideration. That court transferred the case to the Eastern District of Virginia on November 11, 2006. The USMS then moved to dismiss Cochran's complaint as untimely because Cochran had filed his complaint more than 90 days after the OFO's original decision of December 29, 2005. The district court, relying on the EEOC regulation defining when an EEOC decision becomes "final," dismissed the complaint. Cochran timely filed this appeal.

II.

A.

Federal employees alleging employment discrimination by a federal agency have the right to sue in federal district court "[w]ithin 90 days of receipt of notice of final action taken by [the EEOC]." 42 U.S.C. § 2000e-16(c) (2006). The parties agree that Cochran's federal court complaint was untimely if

this 90-day period began running on the date that the OFO issued its initial decision denying him relief. They also agree that if, instead, the 90-day period did not begin to run until the OFO denied Cochran's motion for reconsideration, then Cochran timely filed his complaint. This case thus presents the single legal question of when an EEOC decision becomes "final" for the purposes of § 2000e-16(c).

EEOC regulations addressing this question have evolved over time. Prior to 1987, EEOC regulations did not expressly define "final" as used in § 2000e-16(c), but in practice the EEOC permitted federal employees to make multiple motions for reconsideration at any time. Under these circumstances, allowing a motion for reconsideration to delay the 90-day statute of limitations would have provided for no finality at all; given this result, this court held that the limitations period set forth in § 2000e-16(c) ran from the EEOC's *original* decision on an appeal. *See Birch v. Lehman*, 677 F.2d 1006, 1007-08 (4th Cir. 1982).

In 1987, the EEOC amended its regulations in two relevant respects. First, it limited an employee to *one* request for reconsideration, which had to be filed within 30 days of the original EEOC decision. 29 C.F.R. § 1614.407(b), (d) (1992).[1] Second, the EEOC issued a regulation that explicitly defined "final" under § 2000e-16(c):

> A decision issued [by the OFO] is final [for purposes of the limitations period] unless:
>
>> (1) Either party files a timely request for reconsideration . . . ; or

---

[1] We cite to the 1992 version of the regulations because the EEOC, without changing the substance of the 1987 definition of "final," restructured and renumbered the regulations at that time. *See* Federal Equal Employment Opportunity, 57 Fed. Reg. 12,634 (Apr. 10, 1992); *compare* 29 C.F.R. § 1613.234(b) (1988), *with* 29 C.F.R. § 1614.405(b) (1992).

(2) The Commission on its own motion reconsiders the case.

29 C.F.R. § 1614.405(b) (1992). This regulation rendered the rule adopted in *Birch* no longer good law—that is, the amended regulation specifically provided that a "timely request for reconsideration" delayed the running of the 90-day limitations period until the EEOC ruled on the reconsideration motion. *Id.* § 1614.405(b)(1); *see also Scott v. Stone*, 945 F.2d 398, 1991 WL 193479, at *2 (4th Cir. Oct. 1, 1991) (unpublished).

In 1999, the EEOC again amended § 1614.405(b). The principal impact of the amendment was to limit reconsideration to cases involving "a clearly erroneous interpretation of material fact or law" or a "substantial impact" on the agency. 29 C.F.R. § 1614.405(b)(1)–(2) (2008). The amended regulation also provided a slightly different definition of "final":

A decision issued [by the OFO] is final [for purposes of the limitations period] unless the Commission reconsiders the case. A party may request reconsideration within 30 days of receipt of [the decision].

*Id.* § 1614.405(b). The current EEOC regulation retains this definition of "final" and it governs the timeliness of Cochran's complaint.

## B.

The parties vigorously dispute the significance of the definition of "final" adopted in 1999. When adopting the 1999 amendment, the EEOC did not attach any significance to the changes made to the definition or suggest that the amendment in any way affected the long-standing rule that a motion for reconsideration delays the running of the 90-day limitations period. *See* Federal Sector Equal Employment Opportunity, 63 Fed. Reg. 8594, 8601–02 (Feb. 20, 1998).

Despite this silence, the Government argues that the 1999 amendment fundamentally changed the rules regarding when an EEOC decision is "final" for the purpose of judicial review. It notes that the old version of § 1614.405(b) expressly delayed finality if a party "files" a motion for reconsideration, while the current regulation only delays finality when the EEOC "reconsiders" the case. The Government maintains that this change permits "tolling"[2] of the 90-day period only when the agency *grants* an employee's motion for reconsideration. Accepting this view, the district court dismissed Cochran's complaint as untimely.

Cochran argues that the district court erred in adopting the Government's interpretation of § 1614.405(b). He relies principally on universal agreement in the case law—from both before and after the 1999 amendment—that a timely motion for reconsideration delays the running of the 90-day limitations period. He argues that the amended EEOC regulation is easily susceptible to this construction, because the EEOC necessarily "reconsider[s]" a case under § 1614.405(b) in deciding whether to grant or deny a motion for reconsideration. Cochran further contends that the notice the EEOC provided to him regarding the timeframe for judicial review conflicts with the Government's interpretation.

---

[2]As the district court correctly noted, "both parties use the word 'toll' to mean the resetting of a time limit," which is an imprecise use of the term. *See Cochran v. Gonzalez*, No. 1:06CV1328, 2007 WL 2005623, at *1-2 n.1 (E.D. Va. July 5, 2007). That is, Cochran's claim is not really that his motion for reconsideration "tolled" the 90-day period—for he would still lose in such a case, having expended some of his 90 days before filing the motion for reconsideration. Rather, Cochran urges that a timely motion for reconsideration delays the finality of the agency decision, such that he gets a *full 90 days* after the agency decides his reconsideration motion. In short, Cochran contends that the statute of limitations "clock" is *restarted*, not paused or "tolled." Notwithstanding this fact, because both parties and the Supreme Court have used the term "toll" to describe the interpretation that Cochran urges, we will use the term as a convenient shorthand in this opinion.

### III.

We review a district court's decision to grant a motion to dismiss *de novo*. *Novell, Inc. v. Microsoft Corp.*, 505 F.3d 302, 307 (4th Cir. 2007).

### A.

Cochran and the Government devote most of their argument to parsing the language of § 1614.405(b) in support of their respective positions. After careful consideration of their arguments, we believe that the regulation is susceptible to either party's construction. Thus, this case would present a very close question of regulatory interpretation were we construing § 1614.405(b) without guidance from precedent and history.

Fortunately, however, the Supreme Court has twice confronted, albeit when interpreting different statutes, the precise legal question at issue here: whether filing a timely motion for reconsideration with an administrative agency tolls the running of the limitations period for seeking review of the agency action. *See Stone v. INS*, 514 U.S. 386 (1995); *ICC v. Bhd. of Locomotive Engineers*, 482 U.S. 270 (1987). In these cases, the Court interpreted similar regulatory language in accord with Cochran's view that a "timely petition for administrative reconsideration stay[s] the running of the [statutory] limitation period until the petition ha[s] been acted upon by the [agency]." *Locomotive Engineers*, 482 U.S. at 284.

In *Locomotive Engineers*, the Court held that filing a motion for reconsideration delays the finality of an agency decision under the Hobbs Act. *Id.* at 284–86. It did so despite statutory language which "admittedly suggested" the result the Government urges here: that motions for reconsideration do not affect the limitations period for judicial review. *Id.* at 284 (*quoting* 49 U.S.C. § 10327(i) (1986) ("[A]n action of the [agency] is final on the date on which it is served . . . .")).

Notwithstanding this language, the Supreme Court reasoned that this provision, like analogous language in the Administrative Procedure Act (APA), "has long been construed . . . merely to relieve parties from the *requirement* of petitioning for rehearing before seeking judicial review." *Locomotive Engineers*, 483 U.S. at 284–85.

More recently, in *Stone*, the Supreme Court reaffirmed this rule. There the Court held that the APA embraces a "tolling rule" that "[t]he timely filing of a motion to reconsider renders the underlying [agency] order nonfinal for purposes of judicial review." *Stone*, 514 U.S. at 392. *Stone* is particularly relevant because the regulatory language in *Stone* supported the Government's anti-tolling argument much more strongly than the language of § 1614.405(b), the regulation at issue in this case. *Compare* 8 C.F.R. § 243.1 (1990) ("[The agency's order] become[s] final upon dismissal of an appeal by the [agency.]"), *with* 29 C.F.R. § 1614.405(b) (2008) ("A decision issued [by the EEOC on appeal] is final [under § 2000e-16] unless the Commission reconsiders the case.").[3]

The language of § 1614.405(b) does not mandate a rejection of the "ordinary" tolling rule established by the Supreme Court. *See Stone*, 514 U.S. at 393. Rather, § 1614.405(b), viewed in light of, and in harmony with, that general rule, can easily be construed to provide for tolling of the 90-day statute of limitations when an employee files a timely motion for reconsideration.[4]

---

[3]The *Stone* Court ultimately found that tolling was not available in the particular regulatory scheme before it, because other *statutory* provisions indicated "that Congress intended to depart from the conventional tolling rule in deportation cases." 514 U.S. at 398. No such statutory provision applies here.

[4]We also note that if we were to interpret § 1614.405(b) as the Government urges, we would have to determine whether the EEOC has the authority to depart from the "ordinary" tolling rule set forth in *Stone* and *Locomotive Engineers*. *Stone* explicitly left open this question. *See Stone*, 514 U.S. at 393. We decline to reach it without a clear indication that the EEOC intended to change the tolling rule.

B.

This construction finds further support in decades of case law interpreting § 1614.405(b). Although ten years have passed since the 1999 amendment to § 1614.405(b), the Government cannot point to a single judicial decision (other than that of the district court in this case) that adopts the interpretation that it asserts is "plain" from the regulatory language. Cochran, on the other hand, can and does rely on a number of district and appellate court opinions—both before and after the 1999 amendment—that construe § 1614.405(b) to provide that a timely motion for reconsideration tolls the 90-day limitations period.

Prior to 1999, all six federal appellate courts that addressed this question concluded that a timely motion to reopen or reconsider delays the start of § 2000e-16(c)'s limitations period. *See Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 246 (3d Cir. 1999); *Belhomme v. Widnall*, 127 F.3d 1214, 1216-17 (10th Cir. 1997); *Rowe v. Sullivan*, 967 F.2d 186, 190 (5th Cir. 1992); *Smythe v. Sec'y of the Navy*, 914 F.2d 263, 1990 WL 136626, at *2 n.2 (9th Cir. Sept. 21, 1990) (unpublished); *Donaldson v. Tenn. Valley Auth.*, 759 F.2d 535, 538 (6th Cir. 1985); *Nordell v. Heckler*, 749 F.2d 47, 48–49 (D.C. Cir. 1984). No circuit has overruled its precedent in light of the 1999 amendment; to the contrary, the sole appellate opinion to consider the issue has concluded that the 1999 amendment did *not* change the tolling rule. *See Conkle v. Potter*, 352 F.3d 1333, 1336 n.6 (10th Cir. 2003). Similarly, district courts have continued to follow the tolling rule after the 1999 amendment to § 1614.405(b). *See, e.g.*, *Lorenzo v. Rumsfeld*, 456 F. Supp. 2d 731, 737 n.8 (E.D. Va. 2006); *Slate v. Potter*, 459 F. Supp. 2d 423, 430 (M.D.N.C. 2006); *Harrison v. Potter*, 323 F. Supp. 2d 593, 603 (S.D.N.Y. 2004).

Given this long line of cases supporting Cochran's interpretation of § 1614.405(b), to interpret the regulation otherwise

would upend the settled expectations of parties litigating before the EEOC based solely on arguably ambiguous regulatory language. If the EEOC had wished to change this well-established rule of law, we believe that it would have plainly indicated its intent to do so in the regulation.[5]

## C.

The notice that the EEOC routinely provides to aggrieved employees like Cochran offers additional evidence that the 1999 amendment did not change the established tolling rule. In denying Cochran's request for reconsideration, the EEOC informed him that he had the right to file suit in a district court "within ninety (90) calendar days from the date that you receive this decision." In accord with this statement—which correctly stated the settled tolling rule—Cochran filed suit precisely 90 days after the EEOC denied his motion for reconsideration. The Government now asks us to overlook this notice and adopt the Government's novel interpretation of § 1614.405(b).

Of course, as the Government points out, the informal statements that the EEOC attaches to its decisions do not carry the force of law. *Cf. Smiley v. Citibank (S.D.), N.A.*, 517 U.S. 735, 742–43 (1996). But we find such statements indicative of an intent to adhere to the established tolling rule—especially when the plain language of § 1614.405(b) does not compel a contrary conclusion. In short, the notice provided to Cochran accords with the settled interpretation of § 1614.405(b) and Supreme Court precedent, and thus provides further support for an interpretation of § 1614.405(b) that permits tolling.

---

[5]We invited the EEOC to file a brief as amicus curiae to state its understanding of the meaning of the 1999 amendment, but it declined our invitation.

## D.

Lastly, we note that policy considerations support this construction of § 1614.405(b).

First, because the EEOC will often not take action on a motion for reconsideration within a 90-day period, an employee who loses after the EEOC's initial decision would, if we adopted the Government's view, effectively be forced to choose between filing suit or moving for reconsideration. We doubt that the EEOC would provide a party with a procedure to seek reconsideration but then deprive that party any effective opportunity to take advantage of this procedure without forfeiting the right to judicial review.

Second, the construction of the regulation that we adopt advances judicial efficiency by ensuring that the EEOC has the opportunity to correct errors in its decisions before they are subject to judicial review. In some cases, a successful motion for reconsideration may render judicial review unnecessary. Indeed, the Supreme Court itself pointed to judicial economy concerns when it reaffirmed the tolling rule of *Locomotive Engineers*. *See Stone*, 514 U.S. at 392.

Finally, our construction of the regulation accords with the rules that apply in analogous contexts. As previously noted, a timely motion for reconsideration tolls the limitations period for judicial review of agency action under both the APA and the Hobbs Act. *See id.* at 393. Federal appellate courts also follow this rule. Thus, a timely motion seeking reconsideration in the district court tolls the running of the period to file an appeal. Fed. R. App. P. 4(a)(4)(A). Similarly, a motion for rehearing or rehearing en banc in the Courts of Appeals delays the running of the period to file a petition for a writ of certiorari in the Supreme Court. Sup. Ct. R. 13.3. Adopting a contrary rule in the EEOC context would not only be anomalous, it would create unnecessary confusion for litigants familiar with the standard rules in other legal contexts.

## IV.

For the foregoing reasons, we hold that Cochran's complaint was timely under 42 U.S.C. § 2000e-16(c) and 29 C.F.R. § 1614.405(b). We therefore reverse the judgment of the district court and remand the case for further proceedings.

*REVERSED AND REMANDED*